[Cite as *State v. Imber*, 2012-Ohio-3720.]

IN THE COURT OF APPEALS OF CLARK COUNTY, OHIO

STATE OF OHIO                          :

     Plaintiff-Appellee              :          C.A. CASE NO. 11CA0063

vs.                                    :          T.C. CASE NO. 11CR71

BRANDEN IMBER                          :          (Criminal Appeal from
                                              Common Pleas Court)

     Defendant-Appellant            :

· · · · · · · · ·

**O P I N I O N**

Rendered on the 17th day of August, 2012.

· · · · · · · · ·

Andrew Wilson, Pros. Attorney; Lisa M. Fannin, Asst. Pros. Attorney, Atty. Reg. No. 0082337, 50 E. Columbia Street, 4th Floor, P.O. Box 1608, Springfield, OH 45501
        Attorneys for Plaintiff-Appellee

Joe Cloud, Atty. Reg. No. 0040301, 3973 Dayton-Xenia Road, Beavercreek, OH 45432
        Attorney for Defendant-Appellant

· · · · · · · · ·

GRADY, P.J.:

{¶ 1}   On May 4, 2011, Defendant Branden Imber entered guilty pleas to ten fourth-degree felony offenses.   The State dismissed other charges.   The parties agreed to an aggregate sentence of twelve years in exchange for Imber's promise to cooperate in the State's prosecution of a co-defendant, including testifying truthfully if called as a witness by the State.

{¶ 2}   On that same date, the trial court imposed an agreed eighteen months sentence

of imprisonment for the offense of receiving stolen property charged in Count Three of the indictment. The court journalized its judgment of conviction on that single charge the following day. [Dkt. 13]. The court held in abeyance sentencing on the remaining charges pending disposition of the co-defendant's trial.

{¶ 3} The State subsequently moved to withdraw the plea agreement. The State contended that Imber had refused to meet with prosecutors concerning the charges against the co-defendant. Following a hearing on August 10, 2011, the court held the State's motion in abeyance until after the co-defendant's trial, when Imber's cooperation or lack of cooperation could be more fully considered.

{¶ 4} Both the State's motion to withdraw and Imber's sentencing on the remaining nine charges came on for hearing on August 12, 2011. The State had not called Imber to testify at his co-defendant's trial. But, because Imber had declined to talk to prosecutors prior to that trial, the court found that Imber failed to provide the promised cooperation. Instead of an aggregate twelve year sentence for the ten charges of which Imber was convicted, the court imposed an aggregate sentence of thirteen and one-half years.

{¶ 5} The court journalized a judgment of conviction on all ten charges, including Count Three for which Imber was previously sentenced, on August 16, 2011. [Dkt. 20]. Imber filed a timely notice of appeal from that final judgment.

FIRST ASSIGNMENT OF ERROR

{¶ 6} "THE TRIAL COURT ERRED AS A MATTER OF LAW AT THE PLEA HEARING WHEN IT FAILED TO COMPLY WITH C.R. 11 THEREBY DENYING THE DEFENDANT HIS RIGHTS TO DUE PROCESS GRANTED BY THE OHIO AND UNITED STATES CONSTITUTION."

{¶ 7} Imber argues that his guilty pleas at the hearing on May 4, 2011, were not knowing, intelligent and voluntary because the court never asked Imber whether he pled guilty to the ten charges against him.

{¶ 8} After advising Imber of his right to trial and the related constitutional rights and determining that Imber understood his rights, the court engaged Imber in the following colloquy:

THE COURT: By pleading guilty you would be giving up all of these rights that we have gone over. Are you telling the Court that you want to give those rights up and plead guilty to these offenses set forth in the plea form?

THE DEFENDANT: Yes, sir.

THE COURT: The Court finds that the defendant has knowingly, voluntarily, intelligently waived his rights and entered pleas of guilty to those offenses. Based upon his plea I find him guilty.

{¶ 9} Pleas of guilty and not guilty may be made orally. Crim.R. 11(A). Imber's oral response to the court's question demonstrates that he entered guilty pleas to the ten charges against him and withdrew his prior pleas of not guilty. To the extent that a defendant's express statement of his plea is required, the record demonstrates substantial compliance with that requirement. Except for the constitutional rights Crim.R. 11(C) concerns, substantial compliance is sufficient to demonstrate that a plea of no contest or guilty was knowing, intelligent, and voluntary according to the requirements the rule imposes. *State v. Nero*, 56 Ohio St.3d 106, 564 N.E.2d 474 (1990).

{¶ 10} Imber also argues that the trial court failed to address Imber personally and determine his understanding that he was not eligible for community control sanctions.

Crim.R. 11(C)(2)(a). The Offenses to which Imber pled guilty are fourth degree felonies for which terms of imprisonment were not mandated. Because Defendant was eligible for community control sanctions, R.C. 2929.13(B), he was therefore not ineligible.

{¶ 11} Imber further argues that his plea was less than knowing, intelligent, and voluntary because the court failed to inform Imber that the plea agreement was not binding on the court, presumably when the court imposed its sentences. The court agreed to impose a twelve-year aggregate sentence, and its agreement was binding on the court unless Imber failed to cooperate with the State as promised. The court explained that in that event sentencing on the counts not including Count Three "would be left to the discretion of the court." (Tr. 5). In addressing Imber, the court engaged him in the following colloquy:

THE COURT: the agreement is that you will receive a twelve-year sentence and no fine, again, so long as you fulfill your obligations under the plea agreement. Do you understand that?

THE DEFENDANT: Yes, sir. (Tr. 18).

{¶ 12} The record demonstrates that the court determined that Imber understood that the court's agreement to impose a twelve year aggregate sentence would not be binding on the court should Imber breach his plea agreement, and in that event the court would be free to impose any other sentence or sentences authorized by law.

{¶ 13} Finally, Defendant complains that in conditionally accepting his guilty pleas the court did not make Imber aware of what his agreement to cooperate would require him to do. Imber promised his "cooperation" with the State in its prosecution of his co-defendant, and to testify truthfully if called as a witness. That promise was one Imber made and the court accepted. The court was entitled to accept Imber's unqualified promise. It was

Imber's obligation to express any reservations he had or exceptions he would impose. Crim.R. 11(C) did not require the court to make Imber's promise more specific.

{¶ 14} The first assignment of error is overruled.

SECOND ASSIGNMENT OF ERROR

{¶ 15} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN BOTH SENTENCING HEARINGS VIOLATING THE DEFENDANT'S RIGHT TO DUE PROCESS WHEN IT FAILED TO APPLY THE APPLICABLE RULES AND STATUES."

{¶ 16} Imber argues that the May 5, 2011 judgment of conviction is defective because it is contradictory, first stating that Defendant pled guilty to Count Three and subsequently that the State had agreed to dismiss Count Three. The judgment [Dkt. 13] states that Defendant pled guilty to Count Three, but not that the State agreed to dismiss Count Three. That particular misstatement was made by the prosecutor in describing the plea agreement when he said that the State agreed to dismiss Count Three. (Tr. 3).

{¶ 17} The prosecutor obviously misspoke, and Defendant does not contend that he understood that Count Three would be dismissed. More importantly, the alleged error is not before us for review. The May 5, 2011 judgment of conviction is a final order from which Imber took no appeal. The fact that the court again imposed a sentence for the offense in Count Three in the subsequent August 16, 2011 final judgment from which this appeal was taken does not operate to resurrect for review any error the court committed in the unappealed May 5, 2011 judgment of conviction.

{¶ 18} Imber again argues that he was convicted of Count Three without entering a guilty plea. We disposed of that claim with respect to the first assignment of error.

{¶ 19} Imber further complains that the August 18, 2011 judgment of conviction

identifies Count Three as a fifth degree felony when it is in fact a fourth degree felony. As a result, the eighteen month sentence the court therein imposed is clearly and convincingly contrary to law because it is outside the sentencing range for fifth degree felonies. R.C. 2929.14(A)(5).

{¶ 20} Defendant is correct, but he was not prejudiced by the error. The prior May 5, 2011 judgment of conviction, which correctly identifies Count Three as a fourth degree felony, is a final unappealed judgment that concluded Defendant's conviction for Count Three. The erroneous reference to the offense in Count Three in the August 18, 2011 judgment of conviction as a fifth degree felony is harmless error.

{¶ 21} Defendant further argues that when it imposed his nine prison sentences at the August 12, 2011 proceeding on the remaining nine offenses, the court failed to notify him of his possible post-release control and the potential punishments for its violation. At the sentencing proceeding in which a prison sentence is imposed, the Defendant must be notified of any post-release control requirements to which he will or may be subject, and the potential penalties for their violation. *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864 (2004). The notice must also be reflected in the resulting judgment of conviction. *Id*.

{¶ 22} The court conducted a combined "plea and disposition" proceeding on May 5, 2011. Imber pled guilty to the ten offenses to which he agreed to plead guilty, after the court advised him of the post-release control provisions applicable to his sentences for those offenses. (Tr. 19). The court then imposed a prison sentence on the offense in Count Three. The judgment of conviction the court entered on that same date indicates that the required notice concerning post-release control was given. (Dkt. 13).

**{¶ 23}** When the court imposed additional prison sentences on the remaining nine offenses on August 12, 2011, the court made no mention of post-release control. The transcript of that proceeding concludes with the following colloquy between the prosecutor and the court:

> MR. PICEK: Your Honor, would you advise him of his post-release control?
>
> THE COURT: I don't think there's any mandatory post-release control.
>
> MR. PICEK: It's optional.
>
> THE COURT: I advised him at the time of the plea that it would be optional. That will be all for today. (Tr. 21).

**{¶ 24}** The prosecutor was correct; post-release control notification must be given at the proceeding in which a prison sentence is imposed. *Jordan*. The trial court erred when it failed to notify Defendant of the post-release control provisions applicable to the nine sentences the court imposed in the proceeding held on August 12, 2011. The August 16, 2011 judgment of conviction imposing those sentences [Dkt. 20] states that the required notices were given at the August 12, 2011 sentencing proceeding, but that finding is belied by the record.

**{¶ 25}** In *State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 23, 24, the Supreme Court explained that the remedy for error of this kind with respect to sentences imposed on or after July 11, 2006, is not reversal and resentencing, as *Jordan* held, but is instead the procedure set out in R.C. 2929.191(C). That section requires notice and a hearing, following which the court may correct its error with a nunc pro tunc entry. The case will be remanded to the trial court on our special mandate to follow the procedure in R.C.

2929.191(C).

{¶ 26} Defendant also argues that the court erred when it failed to state that it considered the factors in R.C. 2929.11 and 2929.12 before imposing Defendant's sentences. The court is not required to state that it considered those sections, and unless the sentence imposed is contrary to law, the court's consideration of them is presumed. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. Defendant does not argue any matters that would rebut the presumption.

{¶ 27} Finally, Defendant argues that his convictions for the offense alleged in Count Five, receiving stolen property consisting of a 1994 GMC Sierra vehicle, and in Count Six, receiving stolen property consisting of a firearm, should have been merged pursuant to R.C. 2941.25. Defendant argues that merger is required because the two offenses occurred at the same time and place and under the same circumstances.

{¶ 28} R.C. 2941.25(A) requires merger of two convictions for the same criminal conduct. *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. Even though the two offenses coincided, they did not involve the same conduct, that is, the same act or omission. In one, Defendant acted to deprive an owner of his vehicle. In the other, the coveted object was a firearm. On the same distinction, there was a separate animus to each offense. R.C. 2941.25(B). Merger was not required.

{¶ 29} The second assignment of error is sustained in part and overruled in part.

THIRD ASSIGNMENT OF ERROR

{¶ 30} "THE TRIAL COURT ABUSED ITS DISCRETION IN BOTH SENTENCING HEARINGS VIOLATING THE DEFENDANT'S RIGHTS TO DUE PROCESS WHEN IT FAILED TO APPLY TO APPLICABLE RULES AND STATUTES."

**{¶ 31}** Defendant repeats the several matters to which his previous assignments of error referred. Because we previously ruled on them, the errors assigned are moot, and we need not decide them. App.R. 12(A)(1)(c).

**{¶ 32}** The third assignment of error is overruled.

FOURTH ASSIGNMENT OF ERROR

**{¶ 33}** "THE TRIAL COURT COMMITTED PLAIN ERROR BY FAILING TO MERGE COUNTS FIVE AND SIX AND IMPOSING INDIVIDUAL SENTENCES ON EACH OF THOSE COUNTS."

**{¶ 34}** This assignment of error raises the same issue we rejected in deciding the second assignment of error. It is therefore moot, and need not be decided.

**{¶ 35}** The fourth assignment of error is overruled.

Conclusion

**{¶ 36}** Having sustained the second assignment of error, in part, we will remand the case to the trial court pursuant to App.R. 27 to correct its failure to notify Defendant of post-release control applicable to him, pursuant to the procedure in R.C. 2929.191(C). The judgment of August 16, 2011 is otherwise affirmed.

DONOVAN, J., concurs.


FROELICH, J., concurring:

As stated by the majority, the defendant apparently complains that the plea was not knowingly and intelligently made because the court never adequately defined "cooperation." Although in hindsight, this agreement, as almost any agreement, could have been more explicit, there was an in-court hearing on August 10, to flesh out any concerns. On August

12, after the conclusion of the co-defendant's trial, the court found that the Appellant had "partially not complied." Neither this finding nor the sentence based on it have been assigned as an error and there is no plain error.

**Copies mailed to:**

**Lisa M. Fannin, Esq.**
**Joe Cloud, Esq.**
**Hon. Douglas M. Rastatter**