[Cite as *State v. Neff*, 2012-Ohio-6047.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
### CLARK   COUNTY

STATE OF OHIO                                    :
                                                 :          Appellate Case No. 2012-CA-31
       Plaintiff-Appellee               :
                                                 :          Trial Court Case No. 10-CR-134
v.                                               :
                                                 :
MICHAEL NEFF                                     :          (Criminal Appeal from
                                                 :           Common Pleas Court)
       Defendant-Appellant              :
                                                 :

· · · · · · · · · · ·

## O P I N I O N

Rendered on the 21st day of December, 2012.

· · · · · · · · · · ·

LISA M. FANNIN, Atty. Reg. #0082337, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, Post Office Box 1608, Springfield, Ohio 45501
      Attorney for Plaintiff-Appellee

HILARY LERMAN, Atty. Reg. #0029975, 249 Wyoming Street, Dayton, Ohio 45409
      Attorney for Defendant-Appellant

· · · · · · · · · · · ·

HALL, J.

{¶ 1}    Michael Neff appeals from his conviction and sentence following a guilty plea to two counts of aggravated drug trafficking.

{¶ 2} In his sole assignment of error, Neff contends the trial court erred in failing to consider certain statutory sentencing factors and in failing to impose post-release control properly.

{¶ 3} The record reflects that Neff entered a guilty plea to the two fourth-degree felonies in exchange for dismissal of other charges. At a sentencing hearing, the trial court imposed two consecutive eighteen-month prison terms. It also imposed a fine, assessed court costs, and ordered a license suspension. The trial court did not mention post-release control at the sentencing hearing. (Sentencing transcript at 6-7). In its subsequent judgment entry, the trial court included the sanctions mentioned at the sentencing hearing. In so doing, it indicated that it had considered the principles and purposes of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors under R.C. 2929.12. The trial court also addressed post-release control in its judgment entry, stating:

> The Court notified the defendant at the time of his guilty plea that post-release control (PRC) is optional in this case for up to three years and the Court informed him of the possible consequences of violating the terms of that PRC. The defendant is Ordered to serve as part of this sentence any PRC imposed upon him by the Ohio Adult Parole Authority.

(Doc. #15 at 2).

{¶ 4} On appeal, Neff first claims the trial court erred by failing to state during the sentencing hearing that it had considered R.C. 2929.11 (providing that "[a] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing"), R.C. 2929.12 (identifying certain seriousness and recidivism factors for a trial

court to consider), and R.C. 2929.13(B)(1)(a) (providing that a trial court shall sentence a defendant to community control for a fourth-degree felony if certain conditions are met).

**{¶ 5}** Upon review, we find no merit in Neff's argument. A trial court is not required to state that it has considered R.C. 2929.11 and R.C. 2929.12. Unless the sentence it imposes is contrary to law, a trial court is presumed to have considered them. *State v. Imber*, 2d Dist. Clark No. 11CA0063, 2012-Ohio-3720, ¶26. Here Neff's prison terms are within the authorized statutory range and are not contrary to law. In any event, as noted above, the trial court did indicate in its judgment entry that it had considered R.C. 2929.11 and R.C. 2929.12. With regard to R.C. 2929.13(B)(1)(a), the language upon which Neff relies became effective September 30, 2011, as part of H.B. 86. The trial court filed Neff's judgment entry on August 20, 2010. Therefore, R.C. 2929.13(B)(1)(a) does not apply.

**{¶ 6}** As for post-release control, the State concedes the trial court erred in failing to provide Neff with proper notice at the sentencing hearing. We agree. Although the trial court discussed post-release control during the plea hearing, it failed to address post-release control during the sentencing hearing as required by R.C. 2929.19(B).[1] The Ohio Supreme Court has recognized that a "trial court must provide statutorily compliant notification to a defendant regarding postrelease control at the time of sentencing, including notifying the defendant of the details of the postrelease control and the consequences of violating postrelease control." *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶18.

**{¶ 7}** In his appellate brief, Neff also suggests, without specific argument, that the

---

[1] When Neff was sentenced, R.C. 2929.19(B)(3)(d) and (e) obligated the trial court to address post-release control at sentencing. These same requirements now are found in R.C. 2929.19(B)(2)(d) and (e).

trial court imposed an incorrect term of post-release control. We disagree. The trial court's judgment entry properly imposed a discretionary term of up to three years of post-release control for Neff's fourth-degree felony offenses. *See* R.C. 2967.28(C).

{¶ 8} Based on the reasoning set forth above, we sustain Neff's assignment of error in part. The trial court's judgment is reversed, and the cause is remanded for the sole purpose of conducting a limited re-sentencing hearing properly imposing post-release control. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶17; R.C. 2929.191(C).

. . . . . . . . . . . . .

FAIN and DONOVAN, JJ., concur.


Copies mailed to:

Lisa M. Fannin
Hilary Lerman
Hon. Douglas M. Rastatter