[Cite as *State v. Minnich*, 2014-Ohio-2999.]

IN THE COURT OF APPEALS FOR MIAMI COUNTY, OHIO

STATE OF OHIO                                :

    Plaintiff-Appellee                     :          C.A. CASE NO. 2013 CA 40

v.                                          :          T.C. NO.    13CR57

MICHAEL S. MINNICH                          :          (Criminal appeal from
                                               Common Pleas Court)
    Defendant-Appellant               :

                                            :

· · · · · · · · · ·

**O P I N I O N**

Rendered on the _____3rd_____ day of _____July_____, 2014.

· · · · · · · · · ·

JANNA L. PARKER, Atty. Reg. No. 0075261, Assistant Prosecuting Attorney, Miami County Prosecutor's Office, 201 W. Main Street, Troy, Ohio 45373
        Attorney for Plaintiff-Appellee

JEFFREY D. SLYMAN, Atty. Reg. No. 0010098, 575 S. Dixie Drive, Vandalia, Ohio 45377
        Attorney for Defendant-Appellant

· · · · · · · · · ·

DONOVAN, J.

{¶ 1} Defendant-appellant Michael S. Minnich appeals his conviction and sentence for one count of failure to comply with the order or signal of a police officer, in violation of R.C. 2921.331(B)/(C)(5)(a)(ii), a felony of the third degree. Minnich filed a

timely notice of appeal with this Court on November 12, 2013.

{¶ 2}   The incident which forms the basis for the instant appeal occurred on February 2, 2013, at approximately 10:30 p.m., when officers from the Piqua Police Department observed Minnich driving his vehicle in a reckless manner, speeding, and running multiple red lights.  After a brief car chase, Minnich was apprehended and placed under arrest.

{¶ 3}   On April 26, 2013, Minnich was indicted for one count of failure to comply with the order or signal of a police officer.  At his arraignment on May 6, 2013, Minnich pled not guilty.

{¶ 4}   On August 13, 2013, Minnich entered a plea of no contest to the charged offense.  In return for Minnich's plea, the State agreed to remain silent at sentencing.  The trial court found Minnich guilty of failure to comply with the order or signal of a police officer and ordered that a pre-sentence investigation (PSI) be conducted.  On October 16, 2013, the trial court ordered Minnich to serve thirty months in prison and suspended his driver's license for three years.  The trial court also ordered Minnich to pay $502.00 in court costs.

{¶ 5}   It is from this judgment that Minnich now appeals.

{¶ 6}   Minnich's first assignment of error is as follows:

{¶ 7}   "THE TRIAL COURT ERRED BY ACCEPTING APPELLANT'S PLEA WHEN THE PLEA WAS NOT KNOWINGLY AND VOLUNTARILY MADE."

{¶ 8}   In his first assignment, Minnich contends that the trial court erred when it accepted his no contest plea.  Specifically, Minnich argues that the record of the plea

hearing establishes that his plea was not made knowingly, intelligently, and voluntarily because his undiagnosed mental illness rendered him unable to comprehend the nature and purpose of the proceedings.

{¶ 9} A defendant's plea in a criminal case "must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). With regard to plea requirements, Crim.R. 11(C)(2) provides that:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove

the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 10} In the case before us, the trial court properly addressed the defendant regarding the above issues. With respect to any medication Minnich was taking or the subject of mental illness, the following colloquy occurred:

The Court: As you sit here today, are you under the influence of any form of drug, alcohol or medication of any kind?

Minnich: I'm under Vicodin and my medication.

Q: You take Vicodin?

A: Yes.

Q: And are you – have you taken a Vicodin recently?

A: Yes.

Q: How recently?

A: About three hours ago.

Q: And --

A: I took half of a Vicodin about three hours ago.

Q: And you take that for what?

A: My back.

Q: And the half a Vicodin that you took three hours ago, does that interfere with your ability to understand what's going on here this afternoon?

A: *No, Your Honor.*

Q: And are you taking any other medications?

A: I take blood pressure medication; I take for sugar diabetes Metformin, it's a pill that I take, but no.

Q: Okay and that's all the medications you take?

A: Yes.

Q: Do any of those medications interfere with your ability to understand what's going on here and what you're doing this afternoon?

A: *No, You Honor.*

Q: And do any of the conditions, including your back pain, for which you take any medications, do any of those interfere with your ability to understand what's going on here today?

A: *No, Your Honor.*

Q: *Have you ever been diagnosed with any form of mental illness*?

A: My family seems to think so, but I mean they think different that I do.

Q: *But has any doctor or psychiatrist or psychologist ever told you you have some form of mental illness?*

A: That went on – I've been through therapy and places like that, but you know I just – I'll do anything to – to try to ease my family's minds you know, to make them feel better. Whatever reason I went for was for them.

Q: *So you don't feel you have any form of mental illness, and –*

A: Everybody else seems to think so, *but I don't Your Honor.*

Q: And you're not seeing any therapist right now?

A: Yes, I am.

Q: Okay. And has the therapist prescribed any medications for you?

A: They're getting me to see a doctor for that.

Q: But you're not on that yet?

A: No sir.

Q: And does the condition that you say you don't suffer from, but that you're seeing the psychiatrist/psychologist for, whatever that is, does that make it hard for you to understand what you're doing here this afternoon?

A: Yes.

Q: So that condition that you don't believe you have makes it hard for you to understand what's going on here today?

A: I just understand, you know, when I wake up in the morning I – I start my day, you know the way I do and then it ends like this.

Q: I don't know what – I don't know what that means, Mr. Minnich. Do you suffer from depression?

A: Sometimes.

Q: Uh huh.

Defense Counsel: Your Honor, if I may interrupt, he –

The Court: Go ahead.

Defense Counsel: Mr. Minnich is seeing Diana Burgess through Darke County Mental Health. She has prepared a letter which I'm going to give the Probation Department today and ultimately the Court will be privy to it. She indicates that he's been symptomatic for anxiety and depression and hallucinations at times. However, he's been compliant with

his sessions so far, and seems to be motivated and helpful. This letter is dated August 12, 2013. *In – in no way does she indicate that Mr. Minnich is incompetent or suffering anything that – delusion such that he wouldn't be able to understand the proceedings today, the function of the Court, his counsel, the prosecutor or all the proceedings.* \*\*\* He's not yet had a psychiatric evaluation, which would begin his medication regimen, but probably down the line somewhere. *In any event, I do not think that mental illness compromises Mr. Minnich to the point where he's not able to understand the proceedings or the effect of his plea or the consequences of his plea, Your Honor.*

The Court: And Mr. Minnich, do you understand what your attorney just said?

Minnich: Yes.

Q: And are you having any difficulty understanding me or your attorney here this afternoon?

A: No, Your Honor.

Q: If at any time that changes, will you let me know or let your attorney know that you don't understand what's going on here?

A: Yes, I will, Your Honor.

**{¶ 11}** The record does not demonstrate that Minnich was bewildered, as appellate counsel suggests, or that he was incapable of fully understanding the proceedings or the consequences of his pleas. Compare the colloquy and confusion of the defendant in *State v. Nickell*, 6th Dist. Wood No. WD-07-015, 2008-Ohio-1571, ¶19-103. In *Nickell*, the Sixth District Court of Appeals observed that:

Thus, even with the repetitive coaxing and questioning, appellant was unable to sufficiently focus on

and comprehend the nature and objectives of the proceedings. Many of appellant's answers were non-responsive, indicating that she clearly did not understand that under a no contest plea, she would likely be found guilty, or even why she had been charged with the offense.

Even the court itself expressed that it had difficulty discerning whether appellant's inability to comprehend was due to lack of education or mental health issues. Nothing in the record indicates that appellant was "faking it," nor did the trial court make such a finding. Instead, we conclude that appellant's ability to understand or to become "educated" as to the legal issues involved was inextricably intertwined with her mental health and medication issues. Consequently, we conclude that the record shows that, due to her mental illness and somewhat limited cognitive abilities, appellant was unable to fully participate in her defense or to appreciate the ramifications of the no contest plea and subsequent conditions of sentencing. *Id.* at ¶117-118.

**{¶ 12}** In addition, the Sixth District Court of Appeals noted that the defendant "continued to protest her innocence during both the plea and sentencing hearings, offering explanations which contradicted the state's evidence, and asking that the court talk to her doctor." *Id.* at ¶129. In contrast, Minnich's statements at the plea hearing indicate that he was well aware of the matters itemized in App. R. 11(C)(2).

**{¶ 13}** We note that the trial court personally addressed Minnich at length. The court ascertained that Minnich was forty-five years old at the time of his plea, that he had some difficulty reading, and that he attended high school through the twelfth grade. The court informed Minnich of all of his rights and of the effects of pleading no contest. The court also affirmed that Minnich knew the penalties for the crimes and that he was eligible for probation. The court confirmed that Minnich

understood the nature of the offenses. The trial court also determined that Minnich was entering the plea voluntarily.

{¶ 14} As the record indicates, the trial court engaged Minnich and his defense counsel in a thorough discussion regarding his mental health status. Minnich informed the trial court that he had not been diagnosed with a mental illness. Defense counsel further informed the trial court that after having been treated at the Darke County Mental Health Center, any condition he may have would not render him incompetent nor unable to understand the nature of the plea proceedings, the functions of the parties, and the consequences of his plea.

{¶ 15} Contrary to assertions made by Minnich in his brief, there is no evidence in the record which indicates that he suffered from schizophrenia at the time of the plea or at sentencing. We note that the term schizophrenia was not mentioned at any point during the plea hearing or at sentencing. Although Minnich admitted that he had ingested half of a Vicodin for back pain, he affirmatively stated that it did not have any detrimental effect on his ability to understand and follow the plea proceedings. The record establishes that when Minnich indicated once it was "hard to understand," the trial court made further inquiry to ensure that he understood the proceedings and the rights he was waiving by pleading no contest. Minnich's assertion that his statements at the plea hearing are "typical of a person overwhelmed by undiagnosed, untreated mental illness" is simply not supported by the record. Thus, we conclude that the record establishes that Minnich's no contest plea was entered into in a knowing, intelligent, and voluntary fashion.

{¶ 16} Minnich's first assignment of error is overruled.

**{¶ 17}** Minnich's second and final assignment of error is as follows:

**{¶ 18}** "THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING UPON APPELLANT A DISPROPORTIONATE, EXCESSIVE, AND UNREASONABLE SENTENCE."

**{¶ 19}** In his final assignment, Minnich argues that the trial court erred when it imposed the sentence of thirty months in prison after he was convicted of failure to comply with the order or signal of a police officer, a felony of the third degree. Initially, we note that the trial court was authorized to impose a sentence of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months for a felony of the third degree.

**{¶ 20}** "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A).

**{¶ 21}** "'The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.' *State v. Nelson*, 2d Dist. Montgomery No. 25026, 2012-Ohio-5797, ¶ 62. 'However, the trial court must comply with all applicable rules and statutes, including R.C. 2929.11 and R.C. 2929.12.' *Id.*" *State v. Eicholtz*, 2d Dist. Clark No. 2012 CA 7, 2013-Ohio-302, ¶ 53; see also *State v. Johnson*, 2d Dist. Clark No. 2013-CA-85, 2014-Ohio-2308.

**{¶ 22}** "'[I]n the felony sentencing context, "[a]n abuse of discretion can be found if the sentencing court unreasonably or arbitrarily weighs the factors in R.C. 2929.11 and 2929.12.'" *State v. Jordan*, Columbiana App. No. 09 CO 31, 2010-Ohio-3456, ¶ 12 (internal

citation omitted)." *State v. Saunders*, 2d Dist. Greene No. 2009 CA 82, 2011-Ohio-391, at ¶ 15.

{¶ 23}  As the Supreme Court of Ohio determined:

"Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. (Internal citation omitted). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result. *AAAA Enterprises, Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 24}  Pursuant to R.C. 2929.14(A)(1), Minnich's sentence, thirty months in prison, was clearly within the statutory range and thus, not contrary to law. Furthermore, in determining Minnich's sentence, the trial court indicated that it considered the purposes and principles of felony sentencing.   Although not mentioned in Minnich's judgment entry of conviction, we note that the trial court specifically referenced the seriousness and recidivism factors during the sentencing hearing.   We have held, however, that "[a] trial court is not required to state that it considered R.C. 2929.11 and R.C. 2929.12.   Unless the sentence is contrary to law, a trial court is presumed to have considered them." *State v. Neff*, 2d Dist. Clark No. 2012-CA-31, 2012-Ohio-6047.

{¶ 25}  We further conclude that an abuse of discretion is not demonstrated.  We

note that although Minnich asserts that the trial court abused its discretion when it sentenced him to thirty months in prison, he fails to provide any support for this assertion in his brief. Rather, Minnich merely argues that his sentence should be reduced because of his "mitigating mental capacity" and "debilitated mental state." This argument is unpersuasive.

{¶ 26} In imposing a thirty month sentence, the trial court stated that it had reviewed Minnich's pre-sentence investigation report (PSI) and his extensive criminal history. The trial court also noted that the record indicated that Minnich had failed to respond favorably to any of the sanctions for his prior criminal conduct, which included an earlier conviction and prison sentence for the same offense charged in the instant case. The trial court also discussed Minnich's history of substance abuse and his failure to exhibit any remorse for crime. While he has no juvenile record, Minnich has an extensive adult criminal record consisting of multiple driving under the influence charges with associated jail and prison time. Moreover, we note that in 1994, Minnich was convicted for failure to comply with the order or signal of a police officer for which he ultimately served one year in prison. In light of the foregoing, it was clearly within the discretion of the trial court to sentence Minnich to thirty months in prison, and the sentence is not contrary to law.[1]

{¶ 27} Minnich's second assignment of error is overruled.

{¶ 28} Both of Minnich's assignments of error having been overruled, the judgment

---

[1] In *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069 (2d Dist.), we held that we would no longer use an abuse-of-discretion standard in reviewing a sentence in a criminal case, but would apply the standard of review set forth in R.C. 2953.08(G)(2). Since then, opinions from this court have expressed reservations from some judges of this court whether that decision in *Rodeffer* is correct, including this author. *See, e.g., State v. Garcia*, 2d Dist. Greene No. 2013-CA-51, 2014-Ohio-1538, ¶ 9, fn.1. In the case before us, we find no error in the sentence imposed under either standard of review.

of the trial court is affirmed.

. . . . . . . . . .

FROELICH, P.J. and HALL, J., concur.

Copies mailed to:

Janna L. Parker
Jeffrey D. Slyman
Hon. Christopher Gee