[Cite as *State v. Hampton*, 2023-Ohio-1591.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29612 |
| | : | |
| v. | : | Trial Court Case Nos. 2021 CR 00756; |
| | : | 2021 CR 03539 |
| ANDRE L. HAMPTON | : | |
| | : | (Criminal Appeal from Common Pleas |
| Appellant | : | Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on May 12, 2023

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHAEL P. ALLEN, Attorney for Appellee

JOHNNA M. SHIA, Attorney for Appellant

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Andre L. Hampton appeals from two judgments of the Montgomery County Court of Common Pleas, which revoked his community control sanctions in two separate cases upon a finding that he had violated the conditions of his community control. Following revocation, the court sentenced him to serve an aggregate 36-month prison

term in Montgomery C.P. No. 2021 CR 3539 and an aggregate 12-month prison term in Montgomery C.P. No. 2021 CR 756; the prison terms in the two cases were to be served concurrently. For the following reasons, the judgments will be affirmed.

## I. Facts and Procedural History

{¶ 2} In April 2021, Hampton was indicted on one count of possession of fentanyl, one count of possession of heroin and one count of possession of cocaine in Case No. 2021-CR-756. In September 2021, Hampton entered a plea of guilty to each of the three charges.

{¶ 3} On December 13, 2021, Hampton was indicted on one count of having weapons while under disability (prior drug conviction), one count of felony receiving stolen property, and one count of misdemeanor receiving stolen property for offenses that occurred in October 2021 in Case No. 2021-CR-3539. On December 22, 2021, Hampton entered guilty pleas to the first two counts, and the misdemeanor count was dismissed.

{¶ 4} On December 23, 2021, Hampton was sentenced to a five-year term of community control sanctions in each case, one of the conditions of which was attendance at the MonDay program. The judgment entries provided that violations of the community control sanctions could result in the imposition of an aggregate 48-month prison term.

{¶ 5} In April 2022, a notice of revocation of community control was filed in each case because Hampton had admitted to, and tested positive for, drug use resulting in his discharge from treatment at the MonDay Community Correctional Facility. In May 2022,

the trial court retained Hampton on community control with modified sanctions which required him to attend treatment at the STAR Community Justice Center. The modification orders again stated that a 48-month prison term could be imposed if the community control sanctions were violated.

{¶ 6} On August 22, 2022, a second notice of revocation of community control was filed in both cases because Hampton had been unsuccessfully discharged from the STAR treatment facility. An evidentiary hearing was scheduled for September 21, 2022. On that date, Hampton, who was represented by counsel, entered an admission to the charged violations. The trial court found that Hampton was no longer amenable to community control sanctions and sentenced him to an aggregate prison term of three years.

{¶ 7} Hampton appeals.

## II.    Admission

{¶ 8} Hampton's first assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ACCEPTED HAMPTON'S ADMISSION OF A VIOLATION OF COMMUNITY CONTROL AND SENTENCED HIM TO PRISON, BECAUSE HIS ADMISSION WAS NOT KNOWINGLY, INTELLIGENTLY, NOR VOLUNTARILY ENTERED.

{¶ 9} Hampton claims that the trial court erred in accepting his admission to the alleged violations of his community control sanctions. In support, he contends that the

admission was not knowingly, voluntarily and intelligently entered because the record does not clearly demonstrate whether his admission was "in exchange for either a new alternative sentence of three years with continued [substance abuse] treatment or a jointly recommended sentence of three years, with the possibility of continued treatment."[1] Hampton claims the trial court should have conducted an examination in order to determine whether Hampton understood the consequences of his admission.

{¶ 10} We begin by noting that Ohio courts have repeatedly stated that a community control revocation hearing is not a criminal trial. *State v. Roberts*, 2017-Ohio-481, 84 N.E.3d 339, ¶ 20 (2d Dist.), citing *State v. Cofer*, 2d Dist. Montgomery No. 22798, 2009-Ohio-890, ¶ 12; *State v. Parsons*, 4th Dist. Athens No. 09CA4, 2009-Ohio-7068, ¶ 11; *State v. Motz*, 2020-Ohio-4356, 158 N.E.3d 641, ¶ 26 (12th Dist.). Accordingly, the requirements for a full Crim.R. 11(C)(2) plea colloquy do not apply to a community-control-violation hearing, because a defendant faced with revocation of community control is not afforded the full spectrum of rights given to a defendant in a criminal prosecution. *State v. Cunningham*, 2d Dist. Clark No. 2014-CA-100, 2015-Ohio-2554, ¶ 14; *State v. Patton*, 2016-Ohio-4867, 68 N.E.3d 273, ¶ 11 (8th Dist.), citing *Parsons* at ¶ 11; *State v. Alexander*, 1st Dist. Hamilton No. C-070021, 2007-Ohio-5457, ¶ 7.

{¶ 11} Next, we note that the original judgment entries adequately explained the consequences of violating the terms and conditions of community control. Both indicated that violation of the terms and conditions of community control could result in an

---

[1] At the same time, Hampton admits "[t]he record clearly indicated that Hampton's admission to the violation was in exchange for a lesser alternative sentence of three years for both cases, but Hampton also expected to receive continued treatment."

aggregate prison term of 48 months. And, when the community control sanctions were modified in May 2022, the trial court's order reiterated that future violations could result in the imposition of an aggregate 48-month prison term.

**{¶ 12}** Further, we simply disagree with Hampton's claim that the record was unclear concerning what would occur upon his admission that he had violated the community control conditions. During a sidebar at the start of the hearing, defense counsel informed the court that Hampton had stated that he wanted to do "the three" if that option was "even on the table." Tr. p. 2. The trial court then stated, on the record and in Hampton's presence, that defense counsel had stated that Hampton "intends to admit the violation with the understanding the Court would be sentencing him to a term of three years." Tr. p. 3. Thereafter, Hampton answered affirmatively that he wanted to admit to a violation of the terms of his community control sanctions. The trial court went on to impose a three-year prison term with credit for 309 days served.

**{¶ 13}** The mere fact that counsel wanted the record to reflect Hampton's desire to remain on community control so that he could receive a third drug treatment opportunity does not mandate a conclusion that Hampton believed the court would do so.

**{¶ 14}** Because Hampton did not dispute the violation and there is no evidence to indicate he failed to understand the rights he waived when he readily admitted to the violations, we find this argument lacks merit. Accordingly, the first assignment of error is overruled.

### III. Sentencing

{¶ 15} Hampton asserts the following as his second assignment of error:

HAMPTON'S PRISON SENTENCE IS CONTRARY TO LAW BECAUSE THE TRIAL COURT DID NOT STATE ON THE RECORD, NOR IN ITS SENTENCING ENTRY THAT IT CONSIDERED THE SENTENCING FACTORS PRIOR TO IMPOSING A PRISON TERM.

{¶ 16} In this assignment of error, Hampton claims that the trial court erred in sentencing because it failed to consider the principles and purposes of sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12.

{¶ 17} When a defendant violates the conditions of his community control, "R.C. 2929.15(B) provides the trial court [with] a great deal of latitude in sentencing the offender." *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, ¶ 20. A trial court has the option of imposing "a longer period of community control, a more restrictive community-control sanction, or a prison term of any length within the range of that available for the original offense, up to the maximum that the trial court specified at the first sentencing hearing." *Id.*; R.C. 2929.15(B). "Any prison term imposed must be within the range of prison terms available for the underlying offense and must not exceed the prison term specified in the notice provided to the offender at the sentencing hearing. R.C. 2929.15(B)(3)." *State v. Kernall*, 2019-Ohio-3070, 132 N.E.3d 758, ¶ 9 (1st Dist.).

{¶ 18} We find no merit to Hampton's argument that the trial court failed to consider R.C. 2929.11 and R.C. 2929.12, as neither R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 20, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-

Ohio-2669, 951 N.E.2d 381, ¶ 31. Rather, the law only requires that the record demonstrate that the trial court properly considered the purposes and principles of sentencing and the seriousness and recidivism factors of R.C. 2929.11 and R.C. 2929.12. *State v. Peoples,* 2022-Ohio-953, 186 N.E.3d 859, ¶ 53 (10th Dist.). This court has held that a trial court's consideration of the statutory sentencing factors may be presumed from a silent record. *State v. Imber*, 2d Dist. Clark No. 2011-CA-63, 2012-Ohio-3720, ¶ 26; *State v. Neff*, 2d Dist. Clark No. 2012-CA-31, 2012-Ohio-6047, ¶ 5.

**{¶ 19}** Though the sentencing court in this case did not specifically refer to R.C. 2929.11 and R.C. 2929.12 at sentencing, the record supports a finding that it considered the principles and purposes of sentencing and seriousness and recidivism factors when it revoked Hampton's community control and imposed a prison term. The court stated that it had reviewed reports and records and had determined that Hampton was "not amenable to further community control sanctions." Tr. p. 5.

**{¶ 20}** Hampton's sentence fell within the permissible statutory range and did not exceed the maximum prison term that was specified by the trial court at Hampton's initial sentencing. Furthermore, contrary to Hampton's assertions, the record reflects that the trial court considered the seriousness and recidivism factors of R.C. 2929.12 and the principles and purposes of felony sentencing set forth in R.C. 2929.11 in imposing a prison term for his violation of his community control sanctions.

**{¶ 21}** The second assignment of error is overruled.

## IV.    Conclusion

**{¶ 22}** The judgments of the trial court are affirmed.

. . . . . . . . . . . . .


WELBAUM, P.J. and EPLEY, J., concur.