[Cite as *State v. Thomas*, 2024-Ohio-1499.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29884 |
| | : | |
| v. | : | Trial Court Case No. 2019 CR 02932 |
| | : | |
| BRAD THOMAS | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on April 19, 2024

. . . . . . . . . . .

ROBERT L. SCOTT, Attorney for Appellant

MATHIAS H. HECK, JR., by SARAH H. CHANEY, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Defendant-Appellant Brad Thomas appeals from the trial court's judgment revoking his community control sanctions and sentencing him to prison. For the reasons outlined below, we affirm the judgment of the trial court.

**I.      Factual and Procedural Background**

{¶ 2} In October 2019, Thomas was indicted on one count of burglary, a felony of

the second degree; he pled guilty on January 27, 2020. During his plea hearing, the trial court conducted the required Crim.R. 11 plea colloquy. It advised Thomas that he was eligible for community control sanctions, but that if he violated any of the sanctions, he could be sent to prison for eight to twelve years. Thomas verbalized his understanding.

{¶ 3} In August 2020, Thomas was sentenced to community control sanctions with the following conditions: that he comply with the general conditions of the court for probation assuring intensive probation supervision for a period not to exceed five years, which included reporting to his probation officer as ordered; that he not have contact with the victim; that he pay restitution; that he receive a substance abuse assessment with Nova Behavioral Health and complete treatment as recommended; that he establish contact with Miami Valley Works Program and comply with any recommendations made by that agency; that he provide verification of suitable residence or involvement with a recognized homeless shelter within 14 days of disposition; that he not be in any place where he knew or had reason to know that illegal drugs, stolen property, or firearms were present; and that he abstain from the use of illegal drugs, drugs of abuse, and alcohol. The trial court further advised Thomas, both orally and in the judgment entry, that, if he violated any condition of his community control sanctions, violated any law, or left the state without permission, the court had the option to impose a longer time under the same sanction, impose a more restrictive sanction, or impose a prison term of eight to twelve years in prison.

{¶ 4} In November 2020, Thomas absconded, eventually returned, and entered Woodhaven, an addiction treatment center. Upon completion of treatment, Thomas failed

to report to his probation officer and was arrested again in early 2022 on an absconding warrant. In April 2022, he was reinstated to community control and was ordered to complete the Decision Points intervention program. The court's reinstatement entry provided that "[a]ll other sanctions and Court-ordered financial obligations previously ordered on 11/18/2019, and any subsequent added sanctions, and the alternative sentence of 8 to 12 years CRC (Reagan Tokes Act) are hereby re-imposed and remain in full force and effect."

{¶ 5} In July 2022, Thomas absconded from community control sanctions again. On July 5, 2023, Thomas was arrested. He was subsequently given a notice of community control sanctions revocation hearing. It notified him that he had a legal right to a probable cause hearing regarding the allegations set forth in the notice, that he may waive the right, if desired, that he had the right to present witnesses and evidence favorable to his defense, as well as the right to disclosure of evidence, that he had the right to confront adverse witnesses, unless they would be subjected to a risk of harm, and that he had the right to be represented by counsel of choice or to have counsel appointed if he was indigent.

{¶ 6} On July 13, 2023, the trial court conducted the initial probation revocation hearing, at which Thomas appeared with his counsel. At sidebar during the hearing, the trial court advised Thomas's counsel that a term of incarceration for Thomas had been recommended by probation staff but that certain assessments could be completed before sentencing. On behalf of Thomas, and in his presence, Thomas's counsel waived the first reading of the probation revocation and any defects in service, and Thomas immediately

thereafter admitted that he had violated the terms and conditions of his community control sanctions by absconding a second time. The trial court accepted Thomas's admission, finding that it was knowingly, voluntarily, and intelligently made, ordered a substance abuse and mental health assessment, and scheduled the revocation disposition hearing for July 27, 2023.

{¶ 7} At the disposition hearing, Thomas requested drug and mental health treatment, alleging that his cocaine use persisted. He stated that he had probation officers in multiple counties and had been overwhelmed by his reporting requirements. However, given Thomas's history of absconding despite having undergone previous drug addiction treatment and remaining under community control sanctions, the trial court concluded that Thomas was making excuses, and it did not believe he would comply with supervision or treatment.   Accordingly, the court revoked his community control sanctions and sentenced him to prison for three to four-and-a-half years. Thomas appeals.

## II.      Assignment of Error

{¶ 8}   Thomas asserts the following assignment of error:

TRIAL COURT ABUSED ITS DISCRETION WHEN IT ACCEPTED APPELLANT'S ADMISSION OF A VIOLATION OF COMMUNITY CONTROL AND SENTENCED HIM TO PRISON, BECAUSE THE ADMISSION WAS NOT KNOWINGLY, INTELLIGENTLY, VOLUNTARILY ENTERED.

{¶ 9}   "[C]ommunity control revocation proceedings are not the same as a criminal trial, and a revocation of community control punishes the failure to comply with the terms

and conditions of community control, not the specific conduct that led to the revocation." *State v. Black,* 2d Dist. Montgomery No. 24005, 2011-Ohio-1273, ¶ 17. "A trial court need not comply with the requirements of Crim.R. 11, which governs pleas, in accepting an offender's admission to community control violations." *State v. Cunningham*, 2d Dist. Clark Nos. 2014-CA-99, 2014-CA-100, 2015-Ohio-2554. Instead, Crim.R. 32.3 applies to community control revocation proceedings and requires that the trial court "shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed."

{¶ 10} In general, revocation of probation implicates two due process requirements: (1) a preliminary hearing to determine whether there is probable cause to believe that the defendant has violated the terms of his community control; and (2) a final hearing to determine whether probation should be revoked. *State v. Blakeman*, 2d Dist. Montgomery No. 18983, 2002-Ohio-2153, citing *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

{¶ 11} At the final revocation hearing, the trial court must inform the defendant of the reasons for which his probation is being revoked and provide an adequate record for review on appeal. *State v. Delaney*, 11 Ohio St.3d 231, 235, 465 N.E.2d 72 (1984). Moreover, in order for a trial court to impose a prison term for a violation of community control sanctions, the court must have "informed the defendant at the original sentencing hearing or the sentencing hearing held in relation to a prior sanctions violation, of the potential sentence for a future violation." *State v. Mayle*, 11th Dist. Ashtabula No. 2017-

A-0005, 2017-Ohio-8942, ¶ 23, citing *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 18-19. However, the trial court is *not* required "to repeat the potential prison term during the violation proceeding resulting in the imposition of a prison term." *Id.* at ¶ 23.

{¶ 12} As noted, "the requirements for a full Crim.R. 11(C)(2) plea colloquy do not apply to a community-control-violation hearing, because a defendant faced with revocation of community control is not afforded the full spectrum of rights given to a defendant in a criminal prosecution." *State v. Hampton*, 2d Dist. Montgomery No. 29612, 2023-Ohio-1591, ¶ 10, citing *State v. Cunningham*, 2d Dist. Clark No. 2014-CA-100, 2015-Ohio-2554, ¶ 14; *State v. Patton*, 2016-Ohio-4867, 68 N.E.3d 273, ¶ 11 (8th Dist.), citing *State v. Parsons*, 4th Dist. Athens No. 09CA4, 2009-Ohio-7068, ¶ 11; *State v. Alexander*, 1st Dist. Hamilton No. C-070021, 2007-Ohio-5457, ¶ 7. Generally, "[t]he right to continue on community control depends upon compliance with community control conditions and is a matter resting within the sound discretion of the court." *State v. Lewis,* 2d Dist. Montgomery No. 23505, 2010-Ohio-3652, ¶ 11, citing *State v. Jackson,* 2d Dist. Montgomery No. 23458, 2010-Ohio-2836, ¶ 56. R.C. 2929.15(B) provides a trial court with three options if an offender violates a condition of community control, including (a) a longer time under community control; (b) a more restrictive community control sanction; or (c) a prison term that does not exceed the prison term specified by the court at the offender's sentencing hearing.

{¶ 13} "A trial court's choice of sanction under R.C. 2929.15(B), where the defendant has violated the conditions of community control, is subject to review on appeal

under an abuse of discretion standard." (Citations omitted.) *Id.* at ¶ 15. "Abuse of discretion has been defined as an attitude that is unreasonable, arbitrary, or unconscionable." (Citations omitted.) *Id.* at ¶ 11.

**{¶ 14}** However, "[t]he failure to object to a due process violation during a community control revocation hearing waives all but plain error." *State v. Klosterman*, 2d Dist. Darke Nos. 2015-CA-9, 2015-CA-10, 2016-Ohio-232, ¶ 15. Under the Ohio Rules of Criminal Procedure, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." *State v. Brill*, 3d Dist. Union No. 14-22-20, 2023-Ohio-404, ¶ 8, citing Crim.R. 52(B). "In order to find plain error under Crim.R. 52(B), there must be an error, the error must be an 'obvious' defect in the trial proceedings, and the error must have affected 'substantial rights.' " *Id.* at ¶ 8, citing *State v. Bowsher*, 3d Dist. Union No. 14-07-32, 2009-Ohio-6524, ¶ 12, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). "Notice of plain error is taken 'only to "prevent a manifest miscarriage of justice." ' " (Citations omitted.) *Id.* at ¶ 8. Under Crim.R. 52(B), "the defendant bears the burden of demonstrating that a plain error affected his substantial rights." *Id.*, quoting *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 14.

**{¶ 15}** Since Thomas did not raise any objections before the trial court, we will apply the plain error standard of review to his assignment of error.

**{¶ 16}** Thomas suggests that he was not properly afforded his due process protections and, thus, did not knowingly, intelligently, and voluntarily admit to violating the conditions of his community control sanctions by absconding a second time in July 2022.

Thomas contends that he would not have admitted to the probation violation if he had known that the trial court was going to sentence him to prison and not afford him his rights to contest the alleged community control violation. Thomas asserts that he was confused about his reporting obligations because of his multiple violations and believed that he would remain on community control sanctions, noting that he specifically requested a treatment program in order to address his addiction, which was what led him to violating the law and his community control sanctions in the first place.

{¶ 17} The record demonstrates that the trial court advised Thomas at the original sentencing hearing that, if he violated any condition of his community control sanctions, the court had the option to impose a longer time under the same sanction, impose a more restrictive sanction, or impose a prison term of eight to twelve years. In addition, the trial court's original judgment entry explained the same consequences of violating the terms and conditions of community control to Thomas in writing.

{¶ 18} In April 2022, after Thomas absconded for the first time, he was reinstated to community control, and the court's reinstatement entry provided another written notice to Thomas that the alternative sentence of eight to twelve years under the Reagan Tokes Act, as set forth at his original sentencing hearing, remained in full force and effect.

{¶ 19} Around July 2023, after Thomas absconded for a second time, the court provided him with a notice of community control sanctions revocation hearing, which set forth his hearing rights. The notice informed Thomas of his rights and set forth four specific community control sanctions that Thomas was alleged to have violated, which included that Thomas had been declared an absconder from supervision for a second time on July

15, 2022. At the revocation hearing, Thomas's counsel acknowledged receipt of the revocation notice and waived the first reading of the probation revocation and any defects in service, and Thomas admitted that he had violated the terms and conditions of his community control sanctions by absconding a second time. The trial court accepted Thomas's admission, finding that it was knowingly, voluntarily, and intelligently made, and scheduled the revocation disposition hearing. The notice provided to Thomas informed him of his rights as well as the alleged violation of community control sanctions. At the disposition hearing, Thomas requested drug and mental health treatment and stated that he was overwhelmed by having probation officers in multiple counties. However, the trial court expressed that it did not believe that Thomas would comply with additional community control sanctions because of his history of absconding despite undergoing drug addiction treatment and remaining under community control sanctions. Thus, it revoked Thomas's community control sanctions and sentenced him to prison for three to four-and-a-half years.

{¶ 20} Under the foregoing circumstances, we conclude that plain error is not demonstrated, as the trial court complied with the requirements of due process. First, the trial court provided Thomas with a preliminary hearing, where Thomas, represented by counsel, admitted to absconding and thus to violating the terms of his community control. The trial court then provided Thomas with a final hearing, during which Thomas testified on his own behalf and the court concluded that Thomas's probation should be revoked because he had violated his community control by absconding and made excuses for his actions. Thereafter, the trial court sentenced him in accordance with the original judgment

entry of conviction.

{¶ 21} The trial court did not err in accepting Thomas's admission of violating the conditions of community control, as there was no evidence that his admission was not knowingly, intelligently, and voluntarily entered. Thomas did not dispute the alleged community control violation during the revocation hearing. There was no evidence that Thomas failed to understand the rights he waived when he admitted to the violation. The record does not indicate that he objected at any time during the revocation or final sentencing hearing. The fact that Thomas desired to remain on community control so that he could receive a third mental health or drug treatment opportunity does not compel the conclusion that Thomas did not understand his rights or that he believed the trial court would honor his request. Although Thomas contends that he would not have admitted to the probation violation if he had known that the trial court was going to sentence him to prison, he appears to simply regret his decision to admit to the probation violation, rather than demonstrating a due process violation.

{¶ 22} In this case, there was "substantial evidence," through his admission, that Thomas had absconded and thus had violated the terms of his community control sanctions. Under these circumstances, we conclude that Thomas has failed to establish plain error. Even if evaluated under an abuse of discretion standard, the trial court did not abuse its discretion in revoking Thomas's community control or in imposing a three to four-and-half year prison sentence. Because Thomas has not carried the burden of establishing plain error with respect to the trial court's acceptance of his admission, his sole assignment of error is overruled.

### III.     Conclusion

**{¶ 23}** The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and TUCKER, J., concur.