[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] We note that there is an inconsistency in the spelling of Alexander's first name. We adopt the spelling contained in the indictment.
 DECISION. *Page 2 
{¶ 1} In September 2006, Deborrah Alexander pled guilty to cocaine possession, a felony of the fifth degree, and was placed on three years' intensive-supervision community control. In October 2006, Alexander was charged with community-control violations for (1) failing to submit a DNA sample, (2) failing to notify her probation officer of a change in residence, and (3) failing to report to her probation officer. In January 2007, Alexander pled no contest to the violations and was sentenced to a one-year prison term. Alexander now appeals.
 Community-Control Revocation {¶ 2} In her first assignment of error, Alexander argues that the trial court violated her rights to due process when it revoked her community-control sanction. Alexander directs us to Gagnon v.Scarpelli, a case in which the United States Supreme Court set forth certain minimum requirements of due process for probation-revocation proceedings.[2] In Gagnon, the Court applied the same procedural requirements to probation-revocation proceedings that it had earlier imposed for parole-revocation proceedings in Morrissey v.Brewer.[3]
 {¶ 3} Under Gagnon, two important stages occur in a typical revocation of probation, or what Ohio now calls community control.[4] The first stage, often in the nature of a preliminary hearing, involves an inquiry to determine whether there is probable cause to believe that the defendant has violated the community-control *Page 3 
sanction.[5] Then, "[t]here must also be an opportunity for a hearing,if it is desired by the [defendant], prior to the final decision on revocation * * *."[6] At this stage, one of the requirements of due process is the right to confront and cross-examine adverse witnesses.[7] At either stage, if the defendant opts to enter a guilty or a no-contest plea to the community-control violation, the need for an evidentiary hearing is obviated.
 {¶ 4} In this case, Alexander argues that the trial court failed to comply with the due-process requirements set forth in Gagnon by failing to hold a preliminary hearing and by not allowing her to confront and cross-examine her probation officer. Both arguments are feckless. By entering a no-contest plea to the community-control violation, Alexander admitted the truth of the facts alleged in the complaint,[8] thereby waiving certain due-process rights, including her right to confront her probation officer.[9] Moreover, Alexander has not demonstrated, or even alleged, that she suffered any prejudice as a result of the alleged noncompliance. We overrule Alexander's first assignment of error.
 Effect of Plea of No Contest {¶ 5} In her second assignment of error, Alexander argues that the trial court erred by failing to comply with Crim.R. 11 in accepting her no-contest plea. Alexander contends that she did not fully understand her constitutional rights prior to entering her plea.
 {¶ 6} Under Crim.R. 11(C)(2)(c), a trial court must inform the defendant that she is waiving certain constitutional rights before accepting a plea of guilty or no *Page 4 
contest to a felony charge. Before accepting the plea, the court "must inform the defendant that he is waiving his privilege against compulsory self-incrimination, his right to jury trial, his right to confront his accusers, and his right of compulsory process of witnesses."[10]
 {¶ 7} But the requirements of Crim.R. 11(C)(2) do not apply to a community-control-violation hearing.[11] A defendant faced with revocation of probation or parole is not afforded the full panoply of rights given to a defendant in a criminal prosecution.[12] So a revocation hearing is an informal one, "structured to assure that the finding of a * * * violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the [defendant's] behavior."[13]
 {¶ 8} Instead, Crim.R. 32.3(A) applies to community-control-revocation hearings. Before a trial court imposes a prison term for a violation of the conditions of a community-control sanction, the court must hold a hearing at which the defendant is present and apprised of the grounds for the violation.[14]
 {¶ 9} In this case, the trial court informed Alexander of the grounds for the alleged violation. Before accepting Alexander's no-contest plea, the court asked her, "Do you understand if you enter a plea of no contest, I take a look at the basis for the violation. If it does constitute a violation of your probation, ma'am, I will find you guilty, and if I do so, I can impose the original sentence that I told you, which would be one year in the Ohio Department of Corrections. Do you understand that?" When *Page 5 
Alexander responded, "Yes," the court asked her if she had any questions, and Alexander responded that she did not.
 {¶ 10} Alexander did not dispute the grounds for the community-control violation. She apologized for her behavior and indicated, "I want to admit and live up to my mistakes that I have done on this probation thing." Because nothing in the record suggests that Alexander did not understand the consequences of her no-contest plea, we overrule the second assignment of error and affirm the judgment of the trial court.
Judgment affirmed.PAINTER, P.J., and HILDEBRANDT, J., concur.
[2] (1973), 411 U.S. 778, 93 S.Ct. 1756.
[3] (1972), 408 U.S. 471, 92 S.Ct. 2593.
[4] Gagnon, supra, at 782, citing Morrissey, supra; Columbus v.Lacy (1988), 46 Ohio App.3d 161, 162, 546 N.E.2d 445.
[5] Morrissey, supra, at 485.
[6] Id. at 487-488 (emphasis added).
[7] Gagnon, supra, at 786, citing Morrissey, supra, at 487.
[8] Crim.R. 11(B)(2).
[9] See State v. Delaney (1984), 11 Ohio St.3d 231, 233,465 N.E.2d 72.
[10] State v. Ballard (1981), 66 Ohio St.2d 473, 423 N.E.2d 115, paragraph one of the syllabus, following Boykin v. Alabama (1969),395 U.S. 238, 89 S.Ct. 1709.
[11] See State v. Durgan (May 10, 1976), 1st Dist. Nos. C-75288 and C-75503; State v. Jones, 1st Dist. No. C-050112, 2006-Ohio-2339, at ¶ 18.
[12] Morrissey, supra, at 480.
[13] Id. at 484.
[14] Crim.R. 32.3(A). *Page 1