[Cite as *State v. Lucas*, 2014-Ohio-3857.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                    Court of Appeals Nos.  OT-13-025
                                                                       OT-13-026
                Appellee
                                                 Trial Court Nos.  13 CR 004
                                                                   12 CR 115

v.

Dustin R. Lucas                                  **DECISION AND JUDGMENT**

                Appellant                        Decided:  September 5, 2014

* * * * *

Kevin J. Baxer, Erie County Prosecuting Attorney, and
Andrew M. Bigler, Assistant Prosecuting Attorney, for appellee.

Nancy L. Jennings, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Dustin Lucas, appeals from the September 16, 2013, judgment of

the Ottawa County Court of Common Pleas finding appellant had violated the terms of

his community control sanction and reinstating his sentences imposed in Ottawa County case Nos. 12 CR 115 and 13 CR 004.

{¶ 2} Appellant was convicted and sentenced on March 4, 2013 in each case, following the entry of guilty pleas. Appellant was sentenced to two 12-month terms of incarceration to be served consecutively. The sentences were suspended and appellant was placed on community control for a period of three years. Appellant did not file an appeal from this judgment.

{¶ 3} On August 8, 2013, a hearing was held on the motion and complaint of the Adult Probation Department alleging appellant violated the terms of his community control sanction. The court found appellant had admitted to the charges of violating curfew and changing his address, accepted his admissions, and found appellant had violated the terms of his community control. On September 16, 2013, the trial court reinstated the suspended sentences in both cases. Appellant sought an appeal from this judgment.

{¶ 4} Pursuant to the guidelines set forth in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), appellant's court-appointed counsel has filed an appellate brief and motion to withdraw as counsel. She mailed a copy of the brief and motion to appellant and informed him that he had a right to file his own brief, but he did not do so.

2.

**{¶ 5}** Appellant's counsel states in her motion that she thoroughly reviewed the record in this case and concluded that the trial court did not commit any error prejudicial to appellant. However appellant's counsel has submitted a brief setting forth the following potential assignments of error:

1. Whether the Trial Court Erred in Accepting Defendant/ Appellant's Knowing, Intelligent and Voluntary Plea.

2. Whether the Trial Court Erred When it Sentenced the Defendant/Appellant to a Term of Incarceration Allowable by Law.

**{¶ 6}** Appellant's appointed counsel has included arguments which support these assignments of error, but concludes that they are unsupported by the record and/or by the law. Therefore, she concludes that an appeal would be frivolous.

**{¶ 7}** The first issue raised by appellant's counsel is whether the trial court erred by accepting appellant's admission to the community control violation. Appellant's counsel asserts that appellant could assert that he did not enter a knowing, voluntary, or intelligent "guilty plea" to the community control violations under Crim.R. 11. Crim.R. 11, however, does not apply to community control violations. *State v. Martin*, 6th Dist. Sandusky No. S-02-012, 2002-Ohio-5202, ¶ 7. Instead, Crim.R. 32.3 applies and its requirements were met in this case. Therefore, this proposed assignment of error lacks merit.

3.

**{¶ 8}** Secondly, appellant's counsel argued that appellant's sentence was contrary to law. Upon consideration of the applicable statutes, we find that the sentence imposed was within the statutory limits, the trial court considered the factors required by law, and the trial court made the specific findings which permitted the imposition of the sentence. Therefore, this proposed assignment of error lacks merit.

**{¶ 9}** Finally, this court has the obligation to fully examine the record in this case to determine whether an appeal would be frivolous. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. Our review of the record does not disclose any errors by the trial court which would justify a reversal of the judgment. Therefore, we find this appeal to be wholly frivolous. Counsel's request to withdraw as appellate counsel is found well-taken and is hereby granted.

**{¶ 10}** The judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal pursuant to App.R. 24.

**{¶ 11}** The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.               _____
                                                                JUDGE

Arlene Singer, J.

                                                    _____
Thomas J. Osowik, J.                                           JUDGE
CONCUR.

                                                    _____
                                                                JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.