[Cite as *State v. Brown*, 2015-Ohio-468.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                      CASE NO. 8-14-04

    v.

DEWAYNE L. BROWN,                         O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR 13-06-0165

Judgment Affirmed in Part, Reversed in Part and Cause Remanded

Date of Decision: February 9, 2015

APPEARANCES:

    *Marc S. Triplett and Jacob A. Estes* for Appellant

    *Eric C. Stewart* for Appellee

{¶1} Defendant-appellant Dewayne L. Brown ("Brown") appeals the March 7, 2014 judgment of the Logan County Common Pleas Court revoking Brown's community control and sentencing Brown to serve twelve months in prison for Trafficking in Heroin in violation of R.C. 2925.03(A)(1), a felony of the fifth degree.

{¶2} The facts relevant to this appeal are as follows. On July 9, 2013, Brown was indicted for one count of Trafficking in Heroin in violation of R.C. 2925.03(A)(1), a felony of the fifth degree. (Doc. 5).

{¶3} On July 22, 2013, Brown was arraigned and pled not guilty to the charge. (Doc. 13).

{¶4} On October 7, 2013, a change of plea hearing was held. At the hearing, the parties announced that the State and Brown had entered into a written negotiated plea agreement wherein Brown agreed to plead guilty to the charge as indicted in exchange for the State dismissing another separate criminal case. (Doc. 20). Brown was then advised of his rights by the trial court and he knowingly, intelligently, and voluntarily entered a guilty plea to Trafficking in Heroin in violation of R.C. 2925.03(A)(1), a felony of the fifth degree. Brown was subsequently found guilty by the trial court and sentencing was set for a later date.

{¶5} On November 18, 2013, a sentencing hearing was held. At the hearing, the State recommended that Brown be sent to prison based on a prior history of felony drug offenses. Brown's attorney recommended that Brown be placed on community control. (Nov. 18, 2013, Tr. at 3). After hearing the arguments of the parties Brown was sentenced to five years of community control. As a condition of Brown's community control, Brown was ordered to enroll in the West Central Community Correctional Facility for a residential program for up to 6 months. Brown was required to successfully complete the program. In addition, Brown was advised that if he violated his community control sanctions the court could impose more restrictive sanctions or the court would impose a prison term of twelve months. (Doc. 27). An entry reflecting this sentence was filed November 27, 2013.

{¶6} On February 4, 2014, the State filed a motion for Brown to show cause why his community control should not be revoked on the basis that Brown was "unsuccessfully terminated from West Central." (Doc. 41).

{¶7} On February 5, 2014, the trial court conducted a hearing on the motion but as Brown appeared without counsel, the trial court continued the matter so Brown could consult with the attorney who had previously represented him.

{¶8} On February 10, 2014, the court held the hearing on the State's motion to revoke Brown's community control. At the hearing, Officer Jeff Roman stated

to the court that the motion to revoke Brown's community control had been filed because Brown "was ordered prior in his sentencing under this docket to West Central, and as a result when he went to West Central he was kicked out unsuccessfully, so that brought him back and I PV'd him. So that's why we're here today, Your Honor." (Tr. at 3). Defense counsel then spoke on Brown's behalf informing the court that Brown "wasn't kicked out; he quit. And I don't know exactly how they look at things over in West Central, but to [Brown] there's a distinction." (Tr. at 4).

{¶9} Officer Roman then gave the court an overview of the case, stating that Brown entered the West Central facility on December 12, 2013, and remained there until February 4, 2014, when he was unsuccessfully discharged. (Tr. at 5). Next, Officer Roman narrated a list of Brown's violations at West Central. After Officer Roman finished his narration, the court asked Brown if he had anything he wished to say and Brown said that he did not. (Tr. at 11).

{¶10} At the conclusion of the hearing, the court revoked Brown's community control and imposed its reserved twelve month prison sentence. On March 7, 2014, a judgment entry reflecting this sentence was filed. (Doc. 46).

{¶11} It is from this judgment that Brown appeals, asserting the following assignments of error for our review.

**ASSIGNMENT OF ERROR 1**
**THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT**
**REVOKED APPELLANT'S COMMUNITY CONTROL.**

**ASSIGNMENT OF ERROR 2**
**THE TRIAL COURT ERRED WHEN IT IMPOSED POST**
**RELEASE CONTROL.**

*First Assignment of Error*

**{¶12}** In Brown's first assignment of error, Brown makes various arguments alleging that the trial court abused its discretion in revoking his community control. Specifically, Brown argues that he did not admit to violating community control, that the trial court did not advise him of his due process rights, that the trial court violated Brown's right to confront witnesses against him, that the evidence did not support the trial court's finding that Brown violated his community control, and that Brown was denied effective assistance of counsel.

**{¶13}** At the outset we would note that, " 'A community control revocation hearing is not a criminal trial[.]' " *State v. Parsons*, 4th Dist. Athens No. 09CA4, 2009-Ohio-7068, ¶ 11 quoting *State v. Belcher,* 4th Dist. Lawrence No. 06CA32, 2007-Ohio-4256, at ¶ 12. For that reason, a "defendant faced with revocation of probation or parole is not afforded the full panoply of rights given to a defendant in a criminal prosecution." *State v. Alexander,* 1st Dist. Hamilton App. No. C-070021, 2007-Ohio-5457, at ¶ 7; *State v. Orr,* 11th Dist. Geauga App. No.2008-G-2861, 2009-Ohio-5515, at ¶ 21; *State v. Malone,* 6th Dist. Lucas No. L-03-1299,

2004-Ohio-5246, at ¶¶ 13-14.  More specifically, "the requirements of Crim.R. 11(C)(2) do not apply to a community-control-violation hearing." *Alexander* at ¶ 7; *Orr* at ¶ 21.

{¶14} Criminal Rule 32.3 governs the revocation of probation.  It reads,

**(A) Hearing**

**The court shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed. The defendant may be admitted to bail pending hearing.**

**(B) Counsel**

**The defendant shall have the right to be represented by retained counsel and shall be so advised. Where a defendant convicted of a serious offense is unable to obtain counsel, counsel shall be assigned to represent the defendant, unless the defendant after being fully advised of his or her right to assigned counsel, knowingly, intelligently, and voluntarily waives the right to counsel. Where a defendant convicted of a petty offense is unable to obtain counsel, the court may assign counsel to represent the defendant.**

{¶15} In his assignment of error, Brown makes numerous arguments that his revocation hearing was inadequate.  First, Brown argues that the court was required to advise him of the consequences of admitting to a violation of community control.  Second, Brown argues that he was not informed of his right to confront and cross-examine witnesses.  However, in both instances, Crim.R. 32.3(A) contains no such requirements.  *See Parsons*, *supra*; *Alexander*, *supra*.

Those requirements, which are contained in Crim.R. 11(C)(2), do not pertain to a hearing on a revocation of community control. *Id.*; *Id.* Criminal Rule 32.3(A) merely requires a trial court to (1) hold a hearing, (2) where the defendant is present, (3) and apprised of the grounds on which action is proposed. None of the Crim.R. 11(C)(2) requirements are contained within the rule.

{¶16} In this case the trial court did fully comply with the requirements of Crim.R. 32.3(A) and (B). The court held a hearing where Brown was present, with counsel, and he was apprised of the grounds on which action was proposed. Brown's arguments to impose further requirements into the criminal rules at a community control revocation hearing are not well-taken.

{¶17} Brown next argues that he did not admit that he was unsuccessfully terminated from West Central and that the evidence did not support the trial court's finding that he was unsuccessfully terminated. However, Brown's attorney stated that Brown had "quit" West Central, admitting to the court that Brown had not successfully completed the program. Brown's contention that there is a difference between him quitting the program and being unsuccessfully terminated from the program is a distinction without a difference because in either event Brown did not successfully complete the West Central program as he was required to do under the terms of his community control. Moreover, the probation officer who spoke at the hearing indicated multiple violations that Brown committed

while at West Central and indicated that Brown had been unsuccessfully terminated from the program. Thus Brown's arguments on these issues are not well-taken.

{¶18} Lastly, Brown argues that his counsel was ineffective for failing to bring any of the previously discussed issues to the trial court's attention. We have found no error, so we cannot find counsel ineffective for failing to bring these issues to the court's attention. Furthermore, we would note that Brown had no defense to the fact that he had violated his community control by failing to complete West Central so even if there was somehow error, there certainly cannot be any prejudice in this instance. Thus this argument is also not well-taken.

{¶19} Accordingly Brown's arguments are not well-taken and his first assignment of error is overruled.

*Second Assignment of Error*

{¶20} In Brown's second assignment of error he argues that the trial court erred when it "imposed" post-release control. Specifically, Brown argues that the trial court did not inform him at the sentencing hearing or at the community control hearing when his community control was revoked that he could be subject to post-release control.

{¶21} The State actually concedes that the trial court did not adequately notify Brown that he could be subject to post-release control upon being released

from prison at the sentencing hearing or at the community control revocation hearing. However, the State argues that the point is actually moot because Brown has now been released from prison and he has not been placed on post-release control. While that point may be valid, such information is not contained in the record before us.

{¶22} Our own review of the record illustrates that there was no mention of post-release control at Brown's original sentencing hearing or in the original sentencing entry of November 17, 2013, when Brown was sentenced to community control. When Brown violated community control, the trial court similarly did not notify Brown of the potential length he could be placed on post-release control. Rather, the court simply stated "I would suggest that the state is not likely to place you on post-release control." (Tr. at 13). The March 7, 2014 sentencing entry revoking Brown's community control and sending him to prison indicated that the court *did* notify Brown that he could be subject to three years of post-release control; however, that was incorrect as Brown was not notified at the hearing. (Doc. 46). Thus the record does not establish that Brown was properly notified of the potential of post-release control upon being released from prison and does not establish that the point is moot because Brown was never placed on

post-release control upon being released from prison.[1]   Accordingly, Brown's argument on this issue is sustained.

{¶23} For the foregoing reasons Brown's first assignment of error is overruled, and the second assignment of error is sustained.  The judgment of the Logan County Common Pleas Court is thus affirmed in part and reversed in part and remanded to the trial court only to the extent necessary to deal with the issue of post-release control.

*Judgment Affirmed in Part,*
*Reversed in Part and*
*Cause Remanded*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**

---

[1] We specifically make no finding as to whether the State's argument regarding the post-release control notification being moot has any validity.