[Cite as *State v. Mayle*, 2017-Ohio-8942.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-A-0005** |
| DOUGLAS M. MAYLE, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2014 CR 00298.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Richard Tadd Pinkston*, 103 Fifth Street, S.E., Suite L, Barberton, OH 44203 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Douglas M. Mayle, Jr., appeals revocation of his community control sanctions and imposition of a thirty-month prison term on his conviction for attempted felonious assault. He challenges the trial court's acceptance of his admission to the community control violation and his sentence. We affirm.

{¶2} In July 2014, appellant was indicted on one count of felonious assault, a

second-degree felony under R.C. 2903.11(A)(1), based upon an allegation that appellant threw a kitchen chair that hit his girlfriend in the chest, injuring her sternum.

{¶3} Ultimately, appellant entered an *Alford* guilty plea to an amended charge of attempted felonious assault, a third-degree felony. The trial court accepted the plea and found appellant guilty.

{¶4} A sentencing hearing was later scheduled and held. Speaking on his own behalf, appellant claimed he never intended any harm. He also informed that he was experiencing serious health problems, including liver failure. After appellant's statement, the prosecutor agreed incarceration was not appropriate. The trial court sentenced appellant to two years of community control, placing him on intensive supervision. The court informed appellant that he would be subject to a thirty-month prison term if he violated community control sanctions.

{¶5} Approximately fifteen months later, the trial court issued a capias for appellant's arrest on the grounds that he repeatedly violated the terms of community control. Appellant was apprehended and confined in the county jail. His probation officer filed a "violation" complaint, alleging failure to report for over six months.

{¶6} A probable cause hearing on the alleged violation was held. After the trial court explained the purpose of a probable cause hearing, appellant stated that he did not wish to challenge the allegation. He asserted that he was not receiving proper medical care in the county jail, and that he needed to be transferred to a state penitentiary as soon as possible to obtain adequate care. Thereafter, appellant consulted off the record with his counsel, who then informed that his client waives the probable cause and final hearing, and enters an admission on the violation.

{¶7} After the trial court accepted the admission, appellant's counsel requested a shorter prison term than the thirty-month term referenced when community control sanctions were imposed. While acknowledging that appellant had taken some steps to change his behavior, the trial court imposed a thirty-month prison term finding appellant no longer amenable to community control sanctions, and that a prison term was necessary to satisfy the overriding purposes and principles of felony sentencing.

{¶8} Appellant appeals raising:

{¶9} "[1.] The trial court erred when it accepted a de facto *Alford* guilty plea from [appellant] without following the proper procedure laid out in *State v. Piacella*, 27 Ohio St.2d 92, 271 N.E.2d 852 (1971).

{¶10} "[2.] The trial court erred in failing to notify [appellant] that an admission of violating community control at his probable cause hearing would trigger a thirty-month prison sentence under R.C. 2929.15 and R.C. 2929.19 and additionally by failing to refer to R.C. 2929.11 and R.C. 2929.12 at sentencing."

{¶11} Under his first assignment, appellant maintains the trial court erred when it accepted his admission. He contends that his admission should be likened to a guilty plea under *North Carolina v. Alford*, 400 U.S. 25 (1970), and that his admission should not have been accepted because his sole motive in admitting the violation was to immediately obtain adequate health care at a state prison, not to avoid a jury trial or to obtain a shorter prison term.

{¶12} The state argues that *Alford* is inapplicable and that Crim.R. 32.3 controls.

{¶13} *Alford* applies in limited circumstances to guilty pleas to original charges in an indictment or complaint. We decline to extend it to community control violation

3

hearings. There is ample precedent for the proposition that the rules governing guilty pleas, such as Crim.R. 11(C)(2), do not apply to community control revocation hearings.

**{¶14}** "At the outset we would note that, '"A community control revocation hearing is not a criminal trial[.]"' *State v. Parsons*, 4th Dist. Athens No. 09CA4, 2009-Ohio-7068, ¶11, quoting *State v. Belcher*, 4th Dist. Lawrence No. 06CA32, 2007-Ohio-4256, at ¶12. For that reason, a 'defendant faced with revocation of probation or parole is not afforded the full panoply of rights given to a defendant in a criminal prosecution.' *State v. Alexander*, 1st Dist. Hamilton No. C-070021, 2007-Ohio-5457, at ¶7; *State v. Orr*, 11th Dist. Geauga No. 2008-G-2861, 2009-Ohio-5515, at ¶21; *State v. Malone*, 6th Dist. Lucas No. L-03-1299, 2004-Ohio-5246, at ¶13-14. More specifically, 'the requirements of Crim.R. 11(C)(2) do not apply to a community-control-violation hearing.' *Alexander* at ¶7; *Orr* at ¶21." *State v. Brown*, 3rd Dist. Logan No. 8-14-04, 2015-Ohio-468, ¶13.

**{¶15}** Revocation of community control is governed by Crim.R. 32.3, providing in part:

**{¶16}** "(A) Hearing. The court shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed. The defendant may be admitted for bail pending hearing.

**{¶17}** "(B) Counsel. The defendant shall have the right to be represented by retained counsel and shall be so advised. Where a defendant convicted of a serious offense is unable to obtain counsel, counsel shall be assigned to represent the defendant, unless the defendant after being fully advised of his or her right to assigned

4

counsel, knowingly, intelligently, and voluntarily waives the right to counsel. Where a defendant convicted of a petty offense is unable to obtain counsel, the court may assign counsel to represent the defendant."

{¶18} In *Brown*, *supra*, the defendant maintained that, as part of the community control revocation hearing, the trial court was obligated to inform him of any potential consequences of admitting a community control violation, and of his right to confront and cross-examine witnesses as mandated under Crim.R. 11. This argument was rejected on the basis that Crim.R. 32.3 does not contain any language requiring such: "Criminal Rule 32.3(A) merely requires a trial court to (1) hold a hearing, (2) where the defendant is present, (3) and apprised of the grounds on which action is proposed. None of the Crim.R. 11(C)(2) requirements are contained within the rule." *Brown*, 2015-Ohio-486, at ¶15; *State v. Orr*, 11th Dist. Geauga No. 2008-G-2861, 2009-Ohio-5515. *See, also, State v. Patton*, 8th Dist. Cuyahoga No. 103737, 2016-Ohio-4867, 68 N.E.3d 273; *State v. Mullins*, 12th Dist. Butler Nos. CA2011-10-195 & CA2011-10-196, 2012-Ohio-5005; *State v. Johnson*, 6th Dist. Lucas No. L-09-1218, 2010-Ohio-1887.

{¶19} Without addressing differences between the procedural rules governing pleas and community control revocation hearings, appellant argues applying *Alford* to community control revocation hearings would be consistent with the Ohio Supreme Court's trend to eliminate informality in such proceedings. In support, he cites: *State v. Jackson*, 150 Ohio St.3d 362, 2016-Ohio-8127, 81 N.E.3d 1237, holding that, after a finding of a violation has been made, the defendant must be afforded an opportunity for allocution before community control sanctions are terminated and a prison term is imposed; *State v. Heinz*, 146 Ohio St.3d 374, 2016-Ohio-2814, 56 N.E.3d 965, holding

that, since the state is a party to a community control revocation hearing, the prosecutor is entitled to proper notice of the proceeding and must be given an opportunity to be heard and; *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, holding that, if a defendant's community control sanctions are not terminated as a result of his first violation, the trial court is required to give him notice of the length of the prison term that could be imposed in the event of a second violation.

{¶20} Both *Jackson* and *Fraley* pertain solely to afforded rights following a determination that a violation was committed. While *Heinz* characterized a community control revocation hearing as formal and adversarial, it did so in the context of deciding that the state is entitled to fully participate. To this extent, none of the cited opinions support an extension of *Alford* to community control revocation hearings.

{¶21} Before accepting appellant's admission and imposing sentence, the trial court held a hearing, appellant was represented and present, and he was advised of the alleged violation. Crim.R. 32.3 was fully satisfied. His first assignment is without merit.

{¶22} Under his second assignment, appellant challenges his prison term. He first argues that the trial court should not have accepted his admission without first informing that he could be sentenced to thirty months, citing *Fraley supra.*

{¶23} *Fraley,* however, holds that in order for a trial court to impose a prison term for a violation of community control sanctions, it was required to have informed the defendant at the original sentencing hearing or the sentencing hearing held in relation to a prior sanctions violation, of the potential sentence for a future violation. *Fraley*, 2004-Ohio-7110, at ¶18-19. *Fraley* does not require the trial court to repeat the potential prison term during the violation proceeding resulting in the imposition of a prison term.

6

{¶24} As part of the discussion required before accepting an original guilty plea, the trial court must inform a defendant of the maximum potential penalty. *See* Crim.R. 11(C)(2)(a). But, as noted, Crim.R. 11(C) does not apply to a revocation proceeding. The trial court simply had no duty to again inform appellant of the potential prison term before accepting his admission or entering sentence.

{¶25} Appellant separately asserts that the trial court erred in failing to consider the general purposes and principles of sentencing, R.C. 2929.11, and the sentencing factors for seriousness and recidivism, R.C. 2929.12.

{¶26} Before sentencing appellant to prison, the trial court referenced "the overriding purposes and principles of sentencing" without specifically mentioning R.C. 2929.11 or R.C. 2929.12. Furthermore, the sentencing judgment does not reference either statute. That the trial court did not expressly reference the two statutes is not outcome determinative:

{¶27} "[W]e have also stated that R.C. 2929.11 and 2929.12 delineate specific factors which a trial court is required to consider as a general guide for imposing a sentence. [*State v. Kirkpatrick*, 11th Dist. Trumbull No. 2010-T-0025, 2010-Ohio-6578,] at ¶41. However, in satisfying this obligation, the trial court does not have a corresponding duty to divulge its analysis of the various factors:

{¶28} "'It is well-settled that R.C. 2929.12 does not require a sentencing court to discuss the statutory criteria on the record or even to state on the record that it has considered them. *State v. Chapdelain*, 11th Dist. Lake No. 2009-L-166, 2010-Ohio-2683, at ¶14. In fact, the Court in *Kalish* noted that where a sentencing court does not memorialize on the record that it considered the factors, a presumption arises that the

7

factors were properly considered. [*Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912], at ¶27, f.n. 4. "By implication, as long as there is some indication that the factors were considered, a reviewing court is bound to uphold the sentence." *Chapdelaine*, supra.' *Id. at ¶42.*

{¶29} "See, also, *State v. Tenney*, 11th Dist. Ashtabula No. 2009-A-0015, 2010-Ohio-6248, at ¶14, in which this court concluded that a silent record raises a presumption that the relevant statutory factors were duly considered before the sentencing determination was made." *State v. Vargo*, 11th Dist. Portage No. 2010-P-0065, 2011-Ohio-6690, ¶22-24. *See, also, State v. Bisson*, 11th Dist. Portage No. 2012-P-0050, 2013-Ohio-2141.

{¶30} The presumption is unrebutted. Appellant had a significant criminal record, including convictions for trafficking in drugs, possession of drugs, assault, domestic violence, theft, forgery, and receiving stolen property. He had also served at least four previous prison terms of six months or more.

{¶31} Appellant's sentence is not clearly and convincingly contrary to law. R.C. 2953.08(G)(2). As a result, his second assignment also lacks merit.

{¶32} The judgment of the Ashtabula County Court of Common Pleas is affirmed.

CYNTHIA WESTCOTT RICE, P.J.,

DIANE V. GRENDELL, J.,

concur.

8