[Cite as *State v. Ritchey*, 2020-Ohio-4452.]

STATE OF OHIO   )     IN THE COURT OF APPEALS
          )ss:     NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

STATE OF OHIO          C.A. No.  29659

  Appellee

  v.              APPEAL FROM JUDGMENT
                 ENTERED IN THE
DAVID RITCHEY         COURT OF COMMON PLEAS
                 COUNTY OF SUMMIT, OHIO
  Appellant         CASE No.  CR 2019-07-2377

DECISION AND JOURNAL ENTRY

Dated: September 16, 2020

CALLAHAN, Presiding Judge.

{¶1} Appellant, David Ritchey, appeals his conviction for a community control violation. His appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Mr. Ritchey did not respond by proposing any issues for this Court's review. Having independently reviewed the record, counsel's *Anders* brief, and the issues proposed by Mr. Ritchey, this Court grants counsel's motion to withdraw and affirms the judgment of the Summit County Court of Common Pleas.

I.

{¶1} Mr. Ritchey pleaded guilty to one count of aggravated possession of drugs, and the trial court sentenced him to twelve months of community control. Less than three months later, Mr. Ritchey pleaded guilty to a violation of the terms of his community control. The trial court imposed a twelve-month jail sentence, and Mr. Ritchey appealed. Appointed counsel filed a motion for leave to withdraw accompanied by an *Anders* brief. Consistent with the guidelines in

*Anders*, counsel asserted that, after a review of the record, he was unable to find any issues that might support an appeal. *Anders*, 386 U.S. at 744. Mr. Ritchey did not respond by proposing any issues that he alleged were not wholly frivolous.

II.

{¶2} Upon the filing of an *Anders* brief, this Court conducts a full examination of the proceedings to decide whether the case is wholly frivolous. *Id.* One court has elaborated on the nature of a "frivolous" appeal for *Anders* purposes:

> *Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether an appellant will ultimately prevail on that issue on appeal. "An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal."

*State v. Moore*, 2d Dist. Greene No. 07-CA-97, 2009-Ohio-1416, ¶ 4, quoting *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. If this Court's independent review reveals that any issue presented is not wholly frivolous or that there are other arguable issues, we must appoint different appellate counsel to represent the appellant. *Pullen* at ¶ 2.

{¶3} Mr. Ritchey has not suggested that there are any issues for appeal that are not wholly frivolous. As appointed counsel has noted, Mr. Ritchey's plea hearing with respect to the community control violation fully complied with the requirements of Crim.R. 32.3, which applies to community control violation hearings. *See State v. Phelps*, 1st Dist. Hamilton Nos. C-150204, C-150205, 2016-Ohio-4673, ¶ 12; *State v. Shumway*, 2d Dist. Greene No. 2017-CA-51, 2018-Ohio-1227, ¶ 18; *State v. Brown*, 3d Dist. Logan No. 8-14-04, 2015-Ohio-468, ¶ 13-16; *State v. Dye*, 4th Dist. Athens No. 16CA17, 2017-Ohio-9389, ¶ 12-14; *State v. Lucas*, 6th Dist. Ottawa Nos. OT-13-025, OT-13-026, 2014-Ohio-3857, ¶ 7; *State v. Patton*, 8th Dist. Cuyahoga No. 103737, 2016-Ohio-4867, ¶ 11; *State v. Mayle*, 11th Dist. Ashtabula No. 2017-A-0005, 2017-

Ohio-8942, ¶ 14-16. As appointed counsel has also discussed, Mr. Ritchey acknowledged during the plea hearing that he was entering a guilty plea against the advice of trial counsel. Consequently, Mr. Ritchey cannot maintain that his plea was involuntary because he received ineffective assistance of counsel. *See generally State v. Bloodworth*, 9th Dist. Summit No. 29025, 2019-Ohio-1222, ¶ 4.

**{¶4}** Upon this Court's own full, independent examination of the record, we agree that there are no appealable, non-frivolous issues in this case. *See State v. Randles*, 9th Dist. Summit No. 23857, 2008-Ohio-662, ¶ 6, citing *State v. Lowe*, 9th Dist. Lorain No. 97CA006758, 1998 WL 161274, *3 (Apr. 8, 1998). Accordingly, we grant appellate counsel's motion to withdraw and affirm the judgment of the Summit County Court of Common Pleas.

III.

**{¶5}** Having reviewed the entire record and having found that no non-frivolous appealable issues exist, we conclude that Mr. Ritchey's appeal is meritless and wholly frivolous under *Anders*. Mr. Ritchey's appellate counsel's motion to withdraw as counsel is hereby granted. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

CARR, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

DONALD R. HICKS, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. GUEST, Assistant Prosecuting Attorney, for Appellee.