[Cite as *State v. Scott*, 2021-Ohio-1368.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO.  2020-A-0016** |
| DAVID A. SCOTT, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2017 CR 0628.

Judgment: Affirmed and remanded.

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Prosecutor's Office, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Michael A. Hiener*, P.O. Box 1, Jefferson, OH 44047 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1}    Defendant-appellant, David A. Scott, appeals from proceedings before the Ashtabula County Court of Common Pleas, finding that he was in violation of community control sanctions and imposing sentence.   For the following reasons, we affirm the judgment of the lower court and remand this matter for the court to issue a new sentencing entry nunc pro tunc as explained in the body of this opinion.

{¶2}    On May 19, 2019, Scott was sentenced to two years of intensive community control following pleas of guilty to Attempted Corrupting Another with Drugs (Count One),

a felony of the third degree in violation of R.C. 2925.02(A) and (C)(1), and Aggravated Trafficking in Drugs (Count Two), a felony of the fourth degree in violation of R.C. 2925.03(A)(1) and (C)(1)(a). Scott was advised: "Violation of this sentence may lead to a longer or more restrictive sanction for defendant, up to and including a prison term of thirty-six (36) months on Count One and eighteen (18) months on Count Two, to be served consecutive with each other, for a total of fifty-four (54) months."

{¶3} On March 4, 2020, the Ashtabula County Adult Probation Department filed a Complaint for Violation of Probation [Community Control] alleging the following:

> The defendant [Scott] has not complied with this condition of probation in that Count 1, on October 2, 2019, the defendant admitted to using methamphetamine. Count 2, on October 7, 2019, the defendant tested positive for methamphetamine, amphetamine, and MDMA. Count 3, on December 19, 2019, the defendant admitted to using heroin. Count 4, on January 2, 2020, the defendant tested positive for methamphetamine, amphetamine, MDMA, and fentanyl. Count 5, on February 24, 2020, the defendant tested positive for heroin, morphine, methamphetamine, and amphetamine.

{¶4} On March 11, 2020, Scott appeared in court and pled guilty to the Complaint for Violation of Community Control. The trial court ordered Scott to serve a thirty-six-month prison term for Attempted Corrupting Another with Drugs consecutively with an eighteen-month prison term for Aggravated Trafficking for a total of fifty-four months.

{¶5} On March 17, 2020, Scott filed a Notice of Appeal.

{¶6} On December 18, 2020, counsel for Scott filed a Motion for Leave to Withdraw pursuant to *Anders v. California*.

{¶7} On December 24, 2020, this court issued a Judgment Entry explaining our procedure in such cases:

> When an attorney files a brief pursuant to Anders, it is premised upon the realization, after reviewing the entire court record,

2

that there are no meritorious issues to present on appeal. When this occurs, pursuant to Anders, certain steps are to be followed by counsel, appellant, and the court of appeals.

Therefore, appellant is granted (30) days from the date of this entry to file his own submission, if he so chooses, which raises any arguments in support of the appeal. We note that appellant is not required to file a pro se submission.

This court will examine the record and all proceedings to determine whether the appeal is wholly frivolous. If the court finds the appeal to be frivolous, it may grant permission for counsel to withdraw and dismiss the appeal or proceed to a decision on the merits. If the court finds that there are arguable legal points on the merits, new counsel will be appointed.

On December 29, 2020, the State filed its Response to the Motion for Leave to Withdraw.

Scott has not raised any arguments in support of the appeal. Accordingly, we will proceed

to conduct an independent review of the record, pursuant to *Anders v. California*, 386

U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

{¶8} "The court hearing an appeal [of a felony sentence] shall review the record,

including the findings underlying the sentence or modification given by the sentencing

court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise

modify a sentence that is appealed under this section or may vacate the sentence and

remand the matter to the sentencing court for resentencing * * * if it clearly and

convincingly finds * * * [t]hat the sentence is * * * contrary to law." R.C. 2953.08(G)(2)(b).

***Revocation of Community Control***

{¶9} The procedure for revoking community control is as follows:

**(A) Hearing.** The court shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed. The defendant may be admitted to bail pending hearing.

3

> **(B) Counsel.** The defendant shall have the right to be represented by retained counsel and shall be so advised. Where a defendant convicted of a serious offense is unable to obtain counsel, counsel shall be assigned to represent the defendant, unless the defendant after being fully advised of his or her right to assigned counsel, knowingly, intelligently, and voluntarily waives the right to counsel. Where a defendant convicted of a petty offense is unable to obtain counsel, the court may assign counsel to represent the defendant.

Crim.R. 32.3.

{¶10} "Criminal Rule 32.3(A) merely requires a trial court to (1) hold a hearing, (2) where the defendant is present, (3) and apprised of the grounds on which action is proposed." (Citation omitted.) *State v. Mayle*, 2017-Ohio-8942, 101 N.E.3d 490, ¶ 18 (11th Dist.).

{¶11} In the present case, a preliminary hearing on the Complaint was held on March 9, 2020, at which Scott was present and represented by counsel. Prior to the hearing, Scott had been personally served with the Complaint. At the preliminary hearing, evidence was taken on the record from the probation officer who filed the Complaint regarding the violations alleged therein. Based on the evidence, the trial court scheduled a final hearing for March 11. At the final hearing, Scott was again present with counsel. Scott acknowledged that he had been served with the allegations of misconduct, waived the final hearing, and admitted the violations.

{¶12} Based on the record we find no error in the proceedings to revoke community control.

### *Sentencing Hearing*

{¶13} The Ohio Supreme Court has affirmed that a hearing to impose a sentence for a violation of community control is a sentencing hearing and, therefore, compliance with the relevant sentencing statutes is required. *State v. Jackson*, 150 Ohio St.3d 362,

4

2016-Ohio-8127, 81 N.E.3d 1237, ¶ 11 (cases cited).

{¶14} "The court shall hold a sentencing hearing" and "ask the offender whether the offender has anything to say as to why sentence should not be imposed upon the offender." R.C. 2929.19(A); Crim.R. 32(A). In the present case, Scott was afforded his right of allocution at the March 11 hearing at which he was sentenced.

{¶15} A sentencing court must comply with the following:

> [I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
>
> (a) Impose a stated prison term * * *;
>
> (b) In addition to any other information, include in the sentencing entry the name and section reference to the offense or offenses, the sentence or sentences imposed and whether the sentence or sentences contain mandatory prison terms, if sentences are imposed for multiple counts whether the sentences are to be served concurrently or consecutively, * * *;
>
> * * *
>
> (e) Notify the offender that the offender may be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the third, fourth, or fifth degree that is not subject to division (B)(2)(d) of this section. * * *.
>
> (f) Notify the offender that, if a period of supervision is imposed following the offender's release from prison, as described in division (B)(2)(d) or (e) of this section, and if the offender violates that supervision or a condition of post-release control imposed under division (B) of section 2967.131 of the Revised Code, the parole board may impose a prison term, as part of the sentence, of up to one-half of the definite prison term originally imposed upon the offender as the offender's stated prison term or up to one-half of the minimum prison term originally imposed upon the offender as part of the offender's stated non-life felony indefinite prison term. * * *.
>
> (g)(i) Determine, notify the offender of, and include in the sentencing entry the total number of days, including the sentencing date but

5

excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the definite prison term imposed on the offender as the offender's stated prison term * * *.

(Footnote omitted.)  R.C. 2929.19(B)(2).

{¶16}  In the present case, the sentencing court duly complied with the foregoing provisions: It imposed two stated prison terms for offenses identified by name and code section and ordered the terms to be served consecutively.  It advised Scott that he would be subject to three years of post-release control and what the terms and conditions of his post-release control would be.  This notice was presented to Scott in written form, signed by him, and filed with the court.  Finally, the court granted Scott jail time credit of twenty-five days.

{¶17}  "[T]he court shall advise the defendant of the defendant's right, where applicable, to appeal or to seek leave to appeal the sentence imposed."  Crim.R. 32(B)(2).  In the present case, the trial court advised Scott: "[Y]ou have 30 days from today's date to file any appeal with the Eleventh District Court of Appeals.  You have a right to a free court-appointed lawyer in the Court of Appeals, and you have a right to a free transcript of all court proceedings that can be prepared for you at no cost to you."

{¶18}  Based on the record we find no error in the conduct of the sentencing hearing.

*The Prison Terms Imposed*

{¶19}  "If the conditions of a community control sanction are violated * * *, the sentencing court may impose upon the violator * * * [a] prison term * * * not [to] exceed the prison term specified in the notice provided to the offender at the sentencing hearing."

6

R.C. 2929.15(B)(1)(c) and (3). At the time he was sentenced for the underlying felonies, Scott was advised that, if he violated community control, he could be sentenced to consecutive thirty-six-month and eighteen-month prison terms for Attempted Corrupting Another with Drugs and Aggravated Trafficking in Drugs respectively. These sentences are within the prescribed range for third- and fourth-degree felonies. R.C. 2929.14(A)(3)(b) and (4).

{¶20} Based on the record we find no error in the prison terms imposed.

***Consecutive Sentences***

{¶21} The Ohio Revised Code provides, in relevant part, as follows regarding consecutive felony sentences:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a)  The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b)  At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c)  The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶22} Under R.C. 2929.14(C)(4), a sentencing court is required to make three distinct findings in order to require an offender to serve consecutive prison terms: (1) that consecutive sentences are "necessary to protect the public from future crime or to punish the offender"; (2) that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; (3) "and * * * also" that one of the circumstances described in subdivision (a) to (c) is present. *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 252.

{¶23} Moreover, "a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶24} In the present case, the trial court made the following findings at the sentencing hearing:

> The Court finds that consecutive sentences are necessary to protect the public from future crimes and to punish [Scott], and that consecutive sentences are not disproportionate to the seriousness of [his] conduct or the danger that [he] pose[s] to the public. * * * The Court also finds that [his] history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes.

The court's sentencing Entry, however, only reiterates the first two findings and omits the finding that Scott's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes. The Entry provides: "The Court further finds for the reasons stated on the record that consecutive terms should be imposed because it is necessary to protect the public and punish the defendant.

Consecutive sentences are not disproportionate to the conduct of the defendant and to the danger he poses to the public."

{¶25} This court has been confronted with this identical omission in a prior appeal. *State v. Burke*, 11th Dist. Trumbull Nos. 2018-T-0032 and 2018-T-0035, 2019-Ohio-1951, ¶ 153. It was noted that "'a trial court's failure to incorporate the findings required by R.C. 2929.14(C) in the sentencing entry after making those findings at the sentencing hearing does not render the sentence contrary to law' and may be corrected via a nunc pro tunc entry." (Citation omitted.) *Id.* at ¶ 152. The proper procedure, therefore, is to affirm the judgment but "remand [the] matter for the trial court to issue a nunc pro tunc sentencing entry, incorporating the R.C. 2929.14(C)(4)(c) finding that was made at the sentencing hearing." *Id.* at ¶ 154 (cases cited).

{¶26} Based on the record we find no reversible error in the imposition of consecutive prison terms although the case must be remanded for the trial court to issue a new sentencing entry nunc pro tunc.

{¶27} Having thus duly conducted an independent review of the record, we conclude that the present appeal is wholly frivolous inasmuch as it is devoid of reversible error. The matter is remanded for the trial court to issue a new sentencing entry nunc pro tunc for the reasons indicated above. Appellate counsel's Motion for Leave to Withdraw is granted.


MARY JANE TRAPP, P.J.,

THOMAS R. WRIGHT, J.,

concur.