**[Cite as *State v. Tall*, 2024-Ohio-5627.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No.  L-24-1109

    Appellee                                          Trial Court No.  CR0202401079

v.

Latron Tall                                          **DECISION AND JUDGMENT**

    Appellant                                          Decided: November 27, 2024

* * * * *

We *sua sponte* place this matter on the accelerated calendar pursuant to App.R.

11.1(A), and this judgment entry is not an opinion of the court. SeeS.Ct.R.Rep.Op.3.1;

App.R. 11.1(E); 6th Dist.Loc.App.R. 12. Having reviewed the record, we find appellant's

single assignment of error not well-taken as a matter of law.

On March 6, 2024, appellant, Latron Tall, entered a guilty plea pursuant to *North

Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160 (1970), to one count of attempt to commit

domestic violence in violation of R.C. 2923.02 and 2919.25(A), (D)(1), and (D)(3).  On

March 19, 2024, appellant was sentenced to a term of community control pursuant to

R.C. 2929.15. One condition of appellant's community control was that he was to complete programming in recovery housing at the Ohio Detox Center. Appellant entered the required programming but was unsuccessfully discharged a short time later.

The state reported appellant's discharge from the program to the trial court as a violation of his community control on April 9, 2024. Appellant appeared before the trial court, with counsel, on April 23, 2024. At that time, appellant waived a hearing on the alleged violation, admitted to the violation, and requested that the court proceed to sentencing. The trial court accepted appellant's admission and sentenced appellant to a 12-month prison term for the violation. The trial court's judgment was memorialized the following day. Appellant timely appealed and assigned the following error to the trial court's judgment:

> [Appellant] did not make a knowing and intelligent waiver of his right to a
>
> hearing regarding his alleged community control violation.

Appellant premises his argument on Crim.R. 11, which outlines the requirements a trial court must complete before it can accept an individual's guilty or no contest plea in a felony case. It is well-established that Crim.R. 11 does not apply to community control violations but only to the acceptance of a plea. *See State v. Martin,* 2002-Ohio-5202, ¶ 7 (6th Dist); *State v. Malone,* 2004-Ohio-5246, ¶ 14 (6th Dist); *State v. Artiaga,* 2003-Ohio-2357, ¶ 13 (6th Dist); *State v. Lucas,* 2014-Ohio-3857, ¶ 7 (6th Dist). Instead, Crim.R. 32.3 provides the due process rights owed to a defendant when the state alleged

2.

that they violated the terms of their community control. *Malone* at ¶ 15-17. These rights include being given the opportunity for a hearing, being advised of the nature of the allegations of the violation, and the right to be represented by counsel. *Id.* When these rights have been satisfied, the trial court's acceptance of a defendant's waiver of a hearing on the violation is not error. *Id.* at ¶ 18.

Appellant offers no argument that he was deprived any of the rights owed to him under Crim.R. 32.3. He only argues that the Crim.R. 11 requirements should have applied to his decision to waive the hearing on his community control violation. Because Crim.R. 11 did not apply to the proceedings, his argument fails as a matter of law.

We note that appellant refers to the statements he made at sentencing in mitigation as a potential basis for re-sentencing had he succeeded in this appeal. To the extent this can be construed as an argument that the trial court erred when it imposed his sentence, that argument likewise fails as a matter of law because the trial court's imposition of a prison sentence following appellant's statements in mitigation are not subject to this court's review. *State v. Bowles,* 2021-Ohio-4401, ¶ 9 (6th Dist.), citing *State v. Toles,* 2021-Ohio-3531.

For these reasons, we find that appellant's arguments fail as a matter of law. Pursuant to App.R. 12(B), we affirm the April 24, 2024 judgment of the Lucas County Court of Common Pleas.

Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

3.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                                            _____
                                                                JUDGE

Gene A. Zmuda, J.

                                             _____
Myron C. Duhart, J.                                                 JUDGE
CONCUR.

                                             _____
                                                                JUDGE

4.